[Civil No. 4612. Filed February 24, 1945.]

[156 Pac. (2d) 242.]

CARL ELLSWORTH, as Building Inspector of the City of Mesa, a Municipal Corporation, Appellant, v. RIGHT REVEREND DANIEL J. GERCKE, BISHOP OF THE ROMAN CATHOLIC CHURCH OF THE DIOCESE OF TUCSON, and His Sucessors, a Corporation Sole, Appellee.

Mr. Richard G. Johnson, and Mr. William C. Eliot, for Appellant.

Messrs. Snell, Strouss & Wilmer, for Appellee.

STANFORD, C. J.—This is a case where plaintiff purchased property in the City of Mesa, Arizona, for

the purpose of erecting a church. The district in which the property is located had been zoned as Class A residence. The Building Zone Ordinance of Mesa, in the designation of Class A Residence District, set forth at length the uses permitted by property owners, but excluded churches.

It is claimed by defendant that plaintiff knew of the existence of such ordinance at the time of purchase, but thereafter applied to the building inspector for a building permit and certificate of occupancy for the purpose of constructing a church upon the property. That application was refused on the grounds that it was not permitted by the ordinance.

Thereafter the plaintiff appealed to the Zoning Board of Adjustment of the City of Mesa, and thereafter said board refused to overrule the action of the building inspector.

Plaintiff then carried the matter to the Common Council of the City asking that the property be rezoned to permit the building of a church thereon, and that application was refused.

Thereupon plaintiff filed his complaint for a writ of *mandamus* in the superior court and said court issued an alternative writ of *mandamus* directing the building inspector, who is the defendant herein, to issue to plaintiff a building permit for the church or show cause before the court why the same should not be issued and why a peremptory writ of *mandamus* should not issue.

The trial court in its judgment made the alternative writ permanent, and this appeal followed.

The parties below, plaintiff and defendant, will be so styled in this court.

The property involved is on the northeast corner of McDonald and First Streets in the City of Mesa, and is in, as stated, a Class A District.

Among the uses permitted by property owners in that district are the following, as set forth in the Zoning Ordinance of the City of Mesa:

" . . . Schools, colleges, public libraries, public museums and art galleries.

" . . . parks, swimming pools, municipal or private, provided that no swimming pool shall be within twenty-five (25) feet of the lot line of any adjoining owner; athletic fields, polo fields, and golf courses having a length of not less than fifteen hundred (1500) yards.

"Farms and Green Houses: Farms, truck gardens and non-commercial green houses, provided that no green house heating plant shall be operated within twenty-five (25) feet of the lot line of any adjoining owner *and that no fertilizer shall be stored within fifty (50) feet of the lot line of any adjoining owner.*"

The defendant submits the following assignments of error made by the trial court:

"1. The trial court erred in treating the Zoning Ordinance as a compilation of nuisance and building ordinances and applying the rules for reasonableness that would be applicable to such ordinances, instead of applying the tests that should be used in determining the reasonableness of zoning ordinances.

"2. The trial court erred in entering a judgment, making the Alternative Writ of Mandamus permanent and ordering that a Peremptory Writ of Mandamus issue directing and requiring the defendant, Carl Ellsworth, as Building Inspector of the City of Mesa, a municipal corporation, to issue to Appellee a building permit for a structure to be used as a church in a Class A Residential district.

"3. The trial court erred in determining the application of facts and law and citing and following the decision of *State* v. *Hill* [59 Nev. 231], 90 Pac. (2d) 217 in that the facts in that case have no application to the present case and could not serve as a precedent for the judgment in this case.

"4. The trial court erred in finding that there was no lawful basis for excluding churches from Class A Residential districts under the ordinance for the rea-

son that competent and uncontroverted testimony showed that churches cause extraordinary conditions different from those caused by any of the uses permitted in such districts and that the welfare and safety of the residents of the district would be detrimentally affected thereby.

"5. The trial court erred in substituting its judgment respecting the property and legality of excluding churches from Class A Residence districts in the City of Mesa, for that of the Common Council of the City of Mesa for the reason that the Common Council of the City of Mesa in enacting Ordinance No. 169 acted as *quasi*-judicial body in determining the fact that churches were detrimental to public welfare and safety in Class A Residence districts of the City of Mesa. The facts being such that reasonable men might disagree the Court should have accepted the findings of the Common Council."

The position of the defendant on the subject of farms referred to is shown by these lines quoted from his brief submitted to us:

" . . . The inclusion of farming is an obvious necessity. The best zoning practice is to fix the residential zones as far as possible ahead of the influx of population so that business and other uses will not become established and create blighted areas in what otherwise would naturally become residential districts. This results in the taking in of farm lands before they are ready for subdivision. Obviously the owner must be permitted to make some use of his land and logically that use would be the one that he was making of it at the time that the zoning went into effect."

The following are the important issues for us to determine in this appeal: May a zoning ordinance constitutionally exclude churches and may it prohibit churches in a zoning district where there is permitted the matters heretofore referred to, such as farming, swimming pools, golf courses, schools, etc.

After the defendant quoted some of the leading cases of our country, among them being *Village of*

*Euclid* v. *Ambler Realty Co.*, 272 U. S. 365, 47 Sup. Ct. 114, 71 L. Ed. 303, 54 A. L. R. 1016; *Rehfield* v. *City and County of San Francisco*, 218 Cal. 83, 21 Pac. (2d) 419; *Kort v. City of Los Angeles*, 52 Cal. App. (2d) 804, 127 Pac. (2d) 66, he then quoted the case of *City of Tucson* v. *Arizona Mortuary*, 34 Ariz. 495, 272 Pac. 923, 926, as follows:

" ' . . . The establishment of such districts or zones may, among other things, prevent congestion of population, secure quiet residence districts, expedite local transportation, and facilitate the suppression of disorder, the extinguishment of fires and the enforcement of traffic and sanitary regulations. . . .' "

Quoting further from our Arizona case is the following, which statement was made by this court after quoting as indicated:

"It therefore appears that the highest authority in the land has held that ordinances dividing cities into districts on the basis of whether they are residential or business and limiting the use of real estate within these various districts to certain purposes are to be sustained in principle, it being necessary in order that they be declared unconstitutional that it affirmatively appear the restriction is clearly arbitrary and unreasonable, and has not any substantial relation to the public health, safety, morals, or general welfare. . . ."

The ordinance of the City of Mesa speaks for itself, as in part above quoted, and before the quotation of any case of the plaintiff, we are compelled to say that it affirmatively appears the restriction is clearly arbitrary and unreasonable.

We quote the following from the case of *State ex rel. Synod of Ohio of the United Lutheran Church in America* v. *Whitney T. Joseph et al.*, 139 Ohio St. 229, 39 N. E. (2d) 515, 524, 138 A. L. R. 1274:

" . . . Fully to accomplish its great religious and social function, the church should be integrated into

the home life of the community which it serves. Churches in fitting surroundings are an inspiration to their members and to the general public. If located in the residential district—space, perspective, greenswards and trees aid in setting off the beauty of the building and thereby increasing its inspiration. To require that churches be banished to the business district, crowded alongside filling stations and grocery stores, is clearly not to be justified on the score of promoting the general welfare.

"When brought to an exact focus, what respondents are seeking to accomplish is the creation, by an administrative act, of exclusive residential subdivisions for private individuals. It is true that many people prefer not to reside next door to a church. But the way legally to effectuate this desire is by private mutual covenants between property owners imposing appropriate servitudes on the land. We must not 'employ the new device of zoning to make exclusive districts much more exclusive.' Bassett on Zoning, page 72. We do not believe it is a proper function in government to interfere in the name of the public to exclude churches from residential districts for the purpose of securing to adjacent landowners the benefits of exclusive residential restrictions."

Under this zoning ordinance an owner of property within the district involved may maintain horses, cows and swine on his premises and store fertilizer as long as it is not "stored within fifty feet of the lot line of any adjoining owner."

For the foregoing reasons we hold that the ordinance involved herein is unconstitutional and discriminatory, in so far as it excludes the building of churches within a class "A" residential district.

The judgment is affirmed.

LaPRADE and MORGAN, J. J., concur.