NORTH SHORE UNITARIAN SOCIETY INCORPORATED, Plaintiff, *v.* VILLAGE OF PLANDOME et al., Defendants.

Supreme Court, Special Term, Nassau County, October 31, 1951.

*James D. Nickerson, James J. Regan* and *John P. Good* for plaintiff.

*Edward S. Bentley* for defendants.

C. A. JOHNSON, J. The plaintiff herein seeks judgment declaring the building zone ordinance of the Village of Plandome void in certain particulars. The plaintiff, a religious corporation duly organized under article 8 of the Religious Corporations Law, holds the property and temporalities of a Unitarian Congregation. In the early part of 1951, it contracted for the purchase of a parcel of land in the village of Plandome upon which, at that time, the zoning ordinance of the village would have permitted the erection of a church. In June, 1951, it took title to the said premises by purchase and paid a substantial consideration therefor, intending to erect a church building thereon. Subsequent to such purchase, the defendant village, by its board of trustees, amended the zoning ordinance by eliminating church buildings as one of the uses permitted in the area involved. As a result of such amendment, all churches and places of public worship are entirely excluded from the defend-

ant village although the permitted uses in the same area include village and municipal buildings, public schools, clubhouses, railroad stations and post offices. The plaintiff seeks judgment declaring that the amended provision of the zoning ordinance, insofar as it prohibits the building of churches or places of public worship within the village of Plandome, is invalid, unenforcible and void or, in the alternative, that the amendment, insofar as it prohibits the plaintiff from building a church on its property, is invalid, unenforcible and void.

The court has reached the conclusion that the plaintiff is entitled to succeed for two reasons:

First, the court does not believe that any municipality in the State of New York may, by enactment of a zoning ordinance, wholly exclude from within its borders churches and places of public worship. In the court's opinion, such an ordinance would not substantially promote the health, safety, morals or general welfare of the community (*City of Sherman* v. *Simms*, 183 S. W. 2d 415 [Tex.]; *State ex rel. Roman Catholic Bishop* v. *Hill*, 59 Nev. 231; *Ellsworth* v. *Gercke*, 62 Ariz. 198; *State ex rel. Synod of Lutheran Church* v. *Joseph*, 139 Ohio St. 229).

Secondly, this ordinance is arbitrary and discriminatory in that it excludes churches and places of public worship although permitting uses including village and municipal buildings, railroad stations, public schools and clubhouses which would entail in an equal or greater degree the harmful or undesirable results which, defendants argue, may flow from the use of plaintiff's property for the erection of a church. For that reason, the case upon which the defendants principally rely (*Corporation of Church of Latter-Day Saints* v. *City of Porterville*, 203 P. 2d 823 [Cal.]) is not persuasive authority herein. In that case, an ordinance was upheld which excluded places of worship from a residence area wherein the sole permitted use was single-family dwellings although, in other areas of the municipality, churches were permitted.

There will be judgment for the plaintiff for the relief demanded in the complaint, with costs. No further findings will be required.

Settle judgment on notice.