STATE OF HAWAII, Plaintiff-Appellee, *v.* KAREN HOPKINS, Defendant-Appellant

NO. 5807

STATE OF HAWAII, Plaintiff-Appellee, *v.* DONNA M. NEESE, Defendant-Appellant

NO. 5808

MARCH 28, 1979

RICHARDSON, C.J., OGATA
AND MENOR, JJ.*

---

* Justices Kobayashi and Kidwell, who heard oral argument in this case, retired from the court on December 29, 1978, and February 28, 1979, respectively. HRS § 602-11 (1978 Supp.) provides: "After oral argument of a case, if a vacancy arises or if for any other reason a justice is unable to continue on the case, the case may be decided or disposed of upon the concurrence of any three members of the court without filling the vacancy or the place of such justice."

OPINION OF THE COURT BY RICHARDSON, C.J.

Defendants-Appellants Karen Hopkins and Donna Neese were arrested and charged with the offense of harassment under HRS § 711-1106(1)(a) (1976 Repl.).[1] The cases were consolidated and, after a jury-waived trial before First Circuit District Judge Leavey, each defendant was found guilty and sentenced to serve five days in jail. In this consolidated appeal, defendants challenge the sufficiency of the evidence produced at trial to support their convictions. They also contend that the sentence imposed was unfair, improper, and unjust.

We affirm.

---

[1] HRS § 711-1106(1)(a) provides:
    (1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm another person, he:
        (a) Strikes, shoves, kicks, or otherwise touches a person in an offensive manner or subjects him to offensive physical contact.

■

I.

## Sufficiency of the Evidence

On appeal, the test to ascertain the legal sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the State, there is substantial evidence to support the conclusion of the trier of fact. *State v. Tamanaha,* 46 Haw. 245, 377 P.2d 688, *reh. denied,* 46 Haw. 345, 379 P.2d 592 (1962); *State v. Rocker,* 52 Haw. 336, 475 P.2d 684 (1970); *State v. Cannon,* 56 Haw. 161, 532 P.2d 391 (1975); *State v. Laurie,* 56 Haw. 664, 548 P.2d 271 (1976); *State v. Smith,* 59 Haw. 466, 583 P.2d 337 (1978). This standard of review is the same whether the case was tried before a judge or jury. *State v. Tamanaha, supra* at 251, 377 P.2d at 692; *State v. Cummings,* 49 Haw. 522, 533, 423 P.2d 438, 445 (1967).

The sole prosecution witness in this case was the arresting officer, Bruce Swann. The alleged victims of the harassment did not testify. Defendant Hopkins testified on her own behalf. Defendant Neese did not testify but stated to the court that her testimony would be the same as Hopkins' testimony. The trial judge, before announcing his decision, stated that he found the arresting officer's testimony more credible than defendants'.

As we said in *State v. Cannon, supra* at 166, 532 P.2d at 395-96, "[i]t was for the trial judge as factfinder in this case to assess the credibility of the witnesses, including the defendant[s'] and to resolve all questions of fact. . . . The factfinder may accept or reject any witness' testimony in whole or in part." (Citations omitted).

Officer Swann testified, in pertinent part:

[A]pproximately 2200 I was standing on the ewa-makai side of Kalakaua and Uluniu when I observed these two individuals standing . . . on the mauka side of Kalakaua and Uluniu and five Japanese males were walking in the kokohead direction on that same side of the street. The males approached. They were crossing the crosswalk at Uluniu and Kalakaua.

These two girls came up from the back and they grabbed two of the males and started talking to them. So, as I was across the street, I was just watching. The males was just standing there talking for a while. Then the males tried to go away because the other three friends were going along. These girls were putting their hands around the waist and tried to pull them to the ewa side of Uluniu. The males obviously wanted to go to the kokohead side of Kalakaua to join the friends. The males were shoving and pushing. I could see what was going on.

At this time I observed Karen Hopkins, her hand, which was around the waist, reach into the back pocket. I thought possibly it could be a theft. As I was coming across the street, the three other Japanese males came to the aid of the two males and pushed the girls away. Then the other two males that were grabbed yelled something at the females and started walking on. Then these girls started walking in the ewa direction.

At this time, I told them to stop, I came up, I placed them both under arrest for harassment. . . .

Under the provisions of HRS § 711-1106(1)(a),[2] the elements of harassment are: (A) an intent to harass, annoy or alarm another person; and (B) striking, shoving, kicking or otherwise touching a person in an offensive manner, or subjecting him to offensive physical contact.

Thus, the issue presented here is whether the facts contained in Officer Swann's testimony, viewed in the light most favorable to the State, constituted substantial evidence as to each element of the offense of harassment.

## A. *Intent*

There was no direct evidence offered at the trial in this case as to the defendants' intent to harass, annoy or alarm

---

[2] The commentary to HRS § 711-1106(1)(a) indicates that this particular form of harassment is a restatement of the common-law crime of battery, which was committed by any slight touching of another person in a manner which was known to be offensive to him or her. The commentary is merely an aid in understanding the section and is not indicative of legislative intent. *See* HRS § 701-105 (1976 Repl.).

another person. However, "[i]t is an elementary principle of law that intent may be proved by circumstantial evidence; that the element of intent can rarely be shown by direct evidence; and it may be shown by a reasonable inference arising from the circumstances surrounding the act." *State v. Yabusaki*, 58 Haw. 404, 409, 570 P.2d 844, 847 (1977). *Accord, State v. Smith, supra; State v. Stuart*, 51 Haw. 656, 466 P.2d 444 (1970); *State v. Laurie, supra.*

Among the facts in Officer Swann's testimony which could give rise to the reasonable inference that defendants possessed the requisite intent are the following: The defendants approached two males from behind and grabbed them, the males attempted to leave, the defendants put their arms around the males' waists and pulled them, the males shoved and pushed back, defendant Hopkins put her hand into one of the male's back pockets. We conclude that Officer Swann's testimony presented substantial evidence from which the requisite intent could be inferred.

## B. *Offensive Physical Contact*

In this case, nothing in the arresting officer's testimony indicates that the defendants struck, shoved or kicked the alleged victims. Thus, the conviction can only be sustained if there was substantial evidence showing that defendants touched the males in an offensive manner or subjected them to offensive physical contact.

However, we do not believe that it necessarily follows that in every case the "victim" of the offensive physical contact must testify in order to establish that such contact was offensive. There are situations in which the offensiveness of the physical contact may be shown by circumstantial evidence and from which it can reasonably be concluded that the "victim" found the contact offensive.

Here, Officer Swann testified that the males attempted to leave the two women but were pulled back and that the males responded by shoving and pushing. Officer Swann also testified that three friends of the males who had walked ahead came back to aid them and succeeded in pushing the women

away. Finally, as the party of males left, the two males who had been grabbed yelled at the women. From all of these facts, we think that a reasonable person could conclude that the males were unwillingly detained by the women and found the physical contact offensive. We find substantial evidence in this case as to the second element of harassment.

We conclude that the State presented sufficient evidence as to each element of the offense of harassment. Where the verdict of the trial court is supported by substantial evidence, its ruling will not be disturbed on appeal. *State v. Cannon, supra; State v. Rocker, supra.*

II.

*The Sentence*

Appellants' second contention that the sentence imposed by the trial court was unfair, improper, and unjust is without merit. Harassment is classified as a petty misdemeanor by HRS § 711-1106(2) (1976 Repl.). Under HRS § 706-663 (1976 Repl.), a person who has been convicted of a petty misdemeanor may be sentenced to imprisonment for a definite term not to exceed thirty (30) days. Defendants here were each sentenced to imprisonment for five (5) days. We fail to see any abuse of discretion in the imposition of these sentences.

Defendants argue, however, that the trial court should have stated the bases for imposition of their sentences and should have ordered a pre-sentence diagnosis and report. HRS § 706-601 (1976 Repl.) provides that a court *shall* order a pre-sentence diagnosis and report where the defendant has *either* been convicted of a felony *or* is less than twenty-two (22) years old and has been convicted of a crime. In addition, the court *may* order a pre-sentence diagnosis and report in any other case. Defendants in this case were not convicted of a felony and they do not argue that either was under twenty-two years of age at the time of sentencing. Nevertheless, defendants claim that the trial court should have stated on the

record that their case fell outside the pre-sentence diagnosis and report procedure. Although it may be the better practice for a sentencing court to state its reasons for imposition of a particular sentence and to indicate that a pre-sentence diagnosis and report is not warranted, there is no requirement that it do so.

Affirmed.

*Rogers M. Ikenaga* for defendants-appellants.

*Stephen D. Tom*, Deputy Prosecuting Attorney, for plaintiff-appellee.