STATE OF HAWAII, Plaintiff-Appellee, *v.* JIMMY ANTHONY HERNANDEZ, Defendant-Appellant, and WARREN DAVID MILLER, Defendant

NO. 7136

JANUARY 23, 1980

RICHARDSON, C.J., OGATA AND MENOR, JJ., RETIRED JUSTICE KOBAYASHI AND CIRCUIT JUDGE LUM ASSIGNED BY REASON OF VACANCIES

*Per Curiam.* This is an appeal by defendant Jimmy Anthony Hernandez (appellant) from a conviction of two counts of sexual abuse in the first degree in violation of HRS § 707-736(1)(a), and kidnapping in violation of HRS § 707-720(1)(d). Appellant contends that his conviction is grounded·

on insufficient evidence. We affirm in part and reverse in part.

The uncontested facts are as follows:

Shortly after appellant had driven Warren David Miller and the victim, Jill Applebaum, to a remote area at the top of Waialae Iki Ridge, Miller, who was later acquitted by reason of insanity and committed to the Hawaii State Hospital, began an unprovoked and sustained attack against Applebaum. Miller broke a beer bottle over Applebaum's head, dragged her from the car and tore off her clothing; Applebaum bled profusely from the cuts to her head. Miller gagged the victim with her skirt sash and pushed her down a slope to an outcropping of rocks and bushes.

While appellant remained near the car and out of sight, Miller forced Applebaum to her hands and knees and attempted sexual intercourse. Unable to attain an erection, Miller entered the victim's vagina and anus with his fingers.

After further physical abuse of the victim, Miller ordered Applebaum to stay where she was, and began walking back up the slope. Applebaum, finding no other route of escape, ran past Miller in the direction of the car.

When Applebaum reached the car, appellant grabbed and held her, wrapping her with a towel to protect himself from the blood.[1] After a few seconds, appellant pushed

---

[1] On direct examination, Applebaum recounted that:

He [appellant] had my towel in his hand and I said, "Drive, me, brah, take me out of here." And he just grabbed me. It was — he just grabbed me. He had my towel to protect himself from the blood and he wrapped my towel and holding me like this. I said just drive me out of here. "Why are you letting him do this to me? Why are you doing this to me? I'm doing nothing." I looked in his eyes and there was nothing there, there was no emotion, nothing. I just gave up.

On cross examination, Applebaum stated that:

Hernandez held me and I looked, I was looking in his eyes, I was begging him to help me and . . . . He wasn't squeezing me, he wasn't trying to hurt me but he was holding hard as — he was holding and keeping me there, "It's all right, nothing is going to happen.". . . I said Miller is going to kill me. You are going to kill me. I meant both of them. He said, "You are all right, just relax."

On questioning by the court, Applebaum stated that:

I said "Drive me, help me" and that's when he grabbed me. "Why are you doing this to me" directly to his face and he said, "I'm not doing anything" and there was nothing there.

Applebaum aside; Applebaum fell into some scrub. Moments later, Miller reached the victim and resumed his attack.

Miller yanked Applebaum off the ground and threw her onto the front of the car; appellant yelled at Miller for bloodying the car. Miller pulled Applebaum off the car and pushed her to the ground. Applebaum was again forced to her hands and knees. Miller began repeatedly shoving a beer bottle into the victim's vagina, occasionally removing the bottle to empty out beer.

Appellant eventually yelled, "That's enough, enough, brah, let's go"; he started the car. Miller pushed Applebaum to the edge of the cliff and threw her over; Applebaum fell down a ten-foot drop. Miller climbed down to where Applebaum lay and threw her off a fifteen-foot cliff. As she saw Miller approach for the third time, Applebaum got to her feet, ran to the edge of the overhang and jumped. Although conscious after her fall, she "laid there like dead." The car left.

Appellant was tried without a jury on July 10, 1978, for attempted rape in the first degree, attempted murder, attempted sodomy in the first degree, kidnapping, and four counts of sexual abuse in the first degree. On September 15, 1978, appellant was found guilty of kidnapping and two counts of sexual abuse in the first degree. Appellant was sentenced to imprisonment for a period of not more than five years for each offense, with the sentences to run concurrently.

## ISSUE

Whether appellant's conviction for kidnapping and sexual abuse is supported by sufficient evidence.

## ANALYSIS

On appeal, the test to ascertain the legal sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the State, there is substantial evidence to support the conclusion of the trier of fact. *State v. Hopkins*, 60 Haw.

683, 685, 592 P.2d 810, 811 (1979); *State v. Smith*, 59 Haw. 456, 464, 583 P.2d 337, 343 (1978); *State v. Laurie*, 56 Haw. 664, 672-73, 548 P.2d 271, 277-78 (1976); *State v. Cannon*, 56 Haw. 161, 166, 532 P.2d 391, 396 (1975); *State v. Cummings*, 49 Haw. 522, 532-33, 423 P.2d 438, 445 (1967); *State v. Tamanaha*, 46 Haw. 245, 251, 377 P.2d 688, 692 (1962). It matters not if a conviction under the evidence as so considered might be deemed to be against the weight of the evidence so long as there is substantial evidence tending to support the requisite findings for conviction. *State v. Smith, supra* at 464, 583 P.2d at 343; *State v. Cummings, supra* at 533, 423 P.2d at 445; *State v. Tamanaha, supra* at 251, 377 P.2d at 692. This standard of review is the same whether the case was tried before a judge or jury. *State v. Hopkins, supra* at 685, 592 P.2d at 812; *State v. Smith, supra* at 464, 583 P.2d at 343; *State v. Cummings, supra* at 533, 423 P.2d at 445; *State v. Tamanaha, supra* at 251, 377 P.2d at 692.

## I. KIDNAPPING

HRS § 707-720(1) provides in relevant part that:

A person commits the offense of kidnapping if he intentionally restrains another person with intent to:

. . . .

(d) Inflict bodily injury upon him or subject him to a sexual offense;

. . . .

Although appellant acknowledges the record to show that he held and shoved the victim, appellant contends that the evidence is insufficient to show that he restrained or intended to restrain the victim, or that he intended to subject her to a sexual offense. We disagree.

The Commentary on HRS §§ 707-720 to 722 states that:

. . . the duration of restraint necessary for conviction depends upon the intent and attendant circumstances. In this regard, something like a reasonable standard applies. Hence, a short restraint in an area where the victim might suffocate or come to other bodily harm would constitute a

substantial interference with liberty under these sections. . . .

The victim in the present case, after Miller's initial assault, was bloody and weakened. She attempted to escape; appellant grabbed her[2] and threw her to the ground. Even though of short duration, under such circumstances the actions of appellant constituted a substantial interference with the victim's liberty and, accordingly, a prohibited restraint.

Although there was no direct evidence offered below as to the appellant's intent to restrain the victim or subject the victim to a sexual offense, it is an elementary principle of law that intent may be proved by circumstantial evidence; that the element of intent can rarely be shown by direct evidence; and that it may be shown by a reasonable inference arising from the circumstances surrounding the act. *State v. Hopkins, supra* at 687, 592 P.2d at 812; *State v. Yabusaki*, 58 Haw. 404, 409, 570 P.2d 844, 847 (1977); *State v. Laurie, supra* at 670, 548 P.2d at 276. The mind of an alleged offender may be read from his acts, conduct, and inferences fairly drawn from all the circumstances. *State v. Yabusaki, supra* at 409, 570 P.2d at 847.

In the present case, it is undisputed that appellant was present when Miller began his attack on Applebaum; it is

---

[2] On cross-examination, Applebaum was asked:

Q So you went up to Hernandez and he held out the towel to keep getting blood—

A I didn't run up to Hernandez, I was running and he grabbed me. He held me.

Q You ran toward where he was?

A I ran toward where he was. There wasn't much else, wasn't much other places to go.

Q Okay.

A I had to pass by him by the car to get back to the road.

Q And you came to him, he held out the towel?

A That's right. If he hadn't been there, I wouldn't have stopped running.

Q If the car wasn't there, you wouldn't have stopped running?

A Yes.

Q The car was there and he was there and that's where you stopped running?

A He stopped me from running. I was running and he stopped me. He had my towel and he came towards me and he held me. And I was so weak I couldn't, I couldn't struggle any more.

undisputed that appellant was present when Miller forced her, naked, to the area beyond the slope. The victim, attempting to escape from Miller weakened and bloody, was stopped by appellant and thrown to the ground. Under these circumstances, we find that the trial court had sufficient evidence of appellant's state of mind to return a verdict of guilty on the charge of kidnapping.

## II. SEXUAL ABUSE

HRS § 707-736(1) provides in relevant part that:
A person commits the offense of sexual abuse in the first degree if:
(a) He intentionally, by forcible compulsion, has sexual contact with another or causes another to have sexual contact with him;

. . . .

Appellant at no time made direct sexual contact with the victim. A person is guilty of an offense, however, if it is committed by the conduct of another person for which he is legally accountable; such accountability arises when he is an accomplice to the perpetrator in the commission of the offense. HRS § 702-221. HRS § 702-222 provides that:
A person is an accomplice of another person in the commission of an offense if:
(1) With the intention of promoting or facilitating the commission of the offense, he:

. . . .

(b) Aids or agrees or attempts to aid the other person in planning or committing it;

. . . .

Appellant was accordingly found guilty of two counts of sexual abuse, in violation of HRS § 707-736(1), as an accomplice to Miller. The court stated:
As to Count XXII and XXIII, Sexual Abuse First Degree, inserting a beer bottle into the victim's anus and inserting the beer bottle in the victim's vagina, I find the

defendant guilty of those two offenses. At this point in time, the defendant had seen the victim being beaten over the head with a beer bottle, had seen blood running down her head, had seen her beaten partially undressed and dragged with her own clothes and blood was streaming down from her head. This was a remote area, no trespassing area where he had driven this victim. The defendant had seen all this and saw the victim in panic and running away from the other defendant Miller and begging for his help. So he took it upon himself to grab the victim and wrap her in a towel and throw her to the ground thus enabling Miller to catch her and to commit these two offenses within the visual presence of this defendant. In this act he certainly aided the principal Miller intentionally in my opinion beyond a reasonable doubt in the commission of whatever he wished to do with this lady, which turned out to be a beer bottle in her anus and vagina. There is simply no other logical conclusion I can reach.

Appellant contends that a common plan must be established before a finding of complicity can be made. Appellant's argument ignores the clear wording of the applicable sections of the Hawaii Penal Code. HRS § 702-222, in setting forth the types and extent of complicity recognized under the Code, provides that a person is an accomplice of another person in the commission of an offense if, with the intention of facilitating the commission of the offense, he "[a]ids or agrees or attempts to aid the other person in planning *or* committing it." (Emphasis added.) Although a common plan may, in certain circumstances, be sufficient to impose liability under HRS § 702-222, it is thus clear that the legislature, by use of the disjunctive "or," also provided for the imposition of liability where an accomplice simply aided the perpetrator in committing the offense.

Appellant further argues, however, that evidence of his intent to facilitate the commission of the offense is insufficient to support a conviction for sexual abuse. Appellant's argument must fail. The record in this case reveals that appellant grabbed the victim and prevented her escape. As discussed in Section I of this opinion, the mind of an alleged

offender may be read from his acts, conduct, and inferences fairly drawn from all the circumstances. *State v. Yabusaki, supra* at 409, 570 P.2d at 847. We find that there is substantial evidence to support the conclusion of the trier of fact.

Appellant's conviction for sexual abuse of the victim's anus with a beer bottle, however, must be reversed. The only evidence showing that the victim had a beer bottle inserted into her anus consisted of the following testimony, elicited from the victim on direct examination:

A . . . he [Miller] had the beer bottle and it was still full of beer and he started shoving it inside of me.

Q When you said inside of me, where?

A Inside of my vagina.

Q What happened then?

A He kept pulling it out to empty out the beer and shoving it in. He was pushing really hard. I was moved forward, my whole body moving forward then he started punching me with his fist. I don't remember if he put it in my anus or not. He might have.

We do not believe that this equivocal statement, standing alone, provided the trial court with sufficient evidence to support a conviction for the sexual abuse of the victim's anus. Although appellant did not raise on appeal the sufficiency of the evidence on the question of anal contact, the power to *sua sponte* notice "plain errors or defects affecting substantial rights" clearly resides in this court. H.R.P.P., Rule 52(b); *State v. Cummings, supra* at 528, 423 P.2d at 442; *State v. Ruiz,* 49 Haw. 504, 507, 421 P.2d 305, 308 (1966). The error disclosed by the record on this point is fundamental.

The judgment of the trial court is accordingly affirmed in part and reversed in part.

*Bruce S. Ames* for defendant-appellant.

*Faye Koyanagi,* Deputy Prosecuting Attorney (*Lloyd L. Ching,* Deputy Prosecuting Attorney, on the brief) for plaintiff-appellee.