STATE OF HAWAII, Plaintiff-Appellee, *v.* CHARLOTTE NINA MAXWELL, Defendant-Appellant

NO. 7164

OCTOBER 1, 1980

RICHARDSON, C.J., OGATA, MENOR, LUM, NAKAMURA, JJ.

*Per Curiam*. Appellant Charlotte Nina Maxwell was convicted on March 16, 1978 by the district court of the second circuit for violating the Permanent Ordinances of the County of Maui (1971) in two counts. She was found guilty of violating Section 8-1.4(b)[1] for operating a hula studio in a residence as a nonpermitted use (Count I) and Section 8-1.4(c)[2] for operating a hula studio in a residence as a special use without first securing a permit (Count II). From her convictions this appeal

---

[1] Section 8-1.4(b)  *Permitted uses:*

(1) Single family dwellings.

(2) Greenhouses, flower and truck gardens and nurseries, provided that there shall be no retailing or transacting of business on the premise.

(3) Parks and playgrounds (non-commercial). Certain commercial amusement and refreshment sale activities may be permitted when under supervision of the government agency in charge of the park or playground.

(4) Golf courses. Miniature courses, independent driving ranges and similar uses are not permitted.

(5) Schools — elementary, intermediate, high and colleges, publicly or privately owned, which may include on-campus dormitories.

(6) Buildings or premises used by the federal, state or county governments for public purposes.

(7) Accessory buildings located on the same lot, the use of which is customary and incidental, usual and necessary to that of the main building or to the use of the land.

(8) Servants' quarters or guest house may be permitted where the area of the lot on which the main house is located is 7,500 square feet or more. Servants' quarters or guest house may have kitchen facilities, but in no event shall the gross floor area of such building, including any covered patio and storage, but excluding attached carport or garage, exceed 400 square feet. . . .

[2] Section 8-1.4(c)  *Special uses.*  The following are declared special uses and approval of the commission shall be obtained:

(1) Churches together with accessory buildings.

(2) Day-care centers, nurseries, pre-school kindergartens, and other like facilities designed exclusively for child-care services.

(3) Hospitals. provided that written consent of 75 percent of the property

was taken. She now contends that the district court erred in finding her guilty because the Permanent Ordinances are unconstitutional on grounds that they are (1) vague, (2) arbitrary and in violation of her equal protection rights and (3) in violation of her freedom of religion, speech, assembly and privacy. She also contends that the State has failed to prove her guilt beyond a reasonable doubt. We affirm as to Count I and reverse as to Count II.

I.

Appellant's residence is in a residential-zoned district under Section 8-1.4(b) on a dead-end road in the County of Maui with other single-family dwellings. Since 1968, appellant operated a hula studio at her residence. She held two classes on Tuesdays, one on Wednesdays, one on Thursdays, and four classes on Saturdays. Her weekday classes were held in the evenings and at times ran until 8:30 p.m. About sixty students attended her classes per week. Appellant charged a fee which ranged from ten dollars per student to fifteen to eighteen dollars per family.

The hula classes were held in an open garage attached to her house. Consequently, the sounds travelled out to the road and neighboring residences.

---

owners within 500 feet from the property to be used for such purpose has been obtained.

(4) Nursing or convalescent homes and domiciliary facilities operated and maintained to provide nursing or supporting care.

(5) Housing for the aged, operated by governmental or non-profit organizations, provided that the normal population density is not increased more than ten percent (10%).

(6) Housing for low and moderate income families, operated by governmental or non-profit organizations, provided that the normal dwelling unit density is not increased more than ten percent (10%).

(7) Public utilities substations, which are not and will not be hazardous or a nuisance to the surrounding areas.

(8) Certain domestic type businesses in the home provided there will be no detrimental or nuisance effect upon the neighbors. Such businesses shall be normal functions of the home, such as baking, sewing and piano playing.

(9) Residential planned developments only.

Appellant's neighbors were annoyed by the noise, increased traffic causing dust and hazards to children, and parking congestion. A complaint was filed by a neighbor with the County Land Use and Codes Administration on August 27, 1976.

Upon investigation, appellant's residence was determined to be in a R-3 Residential zoned area where a hula studio was not permitted. Appellant was informed of her violation and to cease her hula studio.

Appellant, however, continued her hula studio except that she now asked for "donations." The problem with her neighbors continued. Thereupon, a complaint was filed in the district court charging appellant with the zoning violations for which she now stands convicted.

## II.

Appellant contends that the State has failed to prove beyond a reasonable doubt that the use of her residence as a hula studio was a prohibited activity. She argues that her activities were that of a "hula halau"[3] which is not a specifically prohibited use; neither is a hula studio a prohibited use, and the statute is unclear whether a hula studio is a prohibited use. The essence of her argument attacks the sufficiency of the evidence.

On appeal, the test to ascertain the legal sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the State, there is substantial evidence to support the conclusion of the trier of the fact. *State v. Hernandez*, 61 Haw. 475, 605 P.2d 75 (1980); *State v. Hopkins*, 60 Haw. 540, 542, 592 P.2d 810, 811 (1979). This standard of review is the same whether the case was tried before a judge or jury. *State v. Hernandez, supra* at 477, 605 P.2d at 77.

---

[3] Appellant defines "hula halau" as "an inherently cultural, traditional and religious activity of the Native Hawaiian community. The definition . . . is rooted in the Hawaiian culture and language."

The district court, as the trier of fact, is vested with the authority to determine the credibility of the witnesses, resolve any conflicts in the evidence and to determine the weight of evidence, and where there is substantial evidence to support the verdict, it will not be disturbed on appeal. *State v. Kekaualua,* 50 Haw. 130, 433 P.2d 131 (1967). From a review of the record, it was well within the range of findings to be made by the district court to conclude that appellant operated a hula studio as a commercial activity and to reject her argument that she conducted a hula halau.

We reject appellant's argument that the statute is unclear as to whether a hula studio is a prohibited use in a residential district. On the contrary, the Permanent Ordinances regulating residential districts, Section 8-1.4(a), states: "Areas for single-family dwellings are established to provide for harmonious residential neighborhood without the detraction of commercial and industrial activities." The statutory scheme of the ordinance is manifestly clear that hula studios are specifically permitted in hotel districts, community business districts, central business districts and light and heavy industrial districts and not in residential neighborhoods.

We conclude that based on the entire record, there was substantial evidence for the district court to convict appellant of operating a hula studio in a residence as a nonpermitted use in violation of Section 8-1.4(b).

### III.

In Count II appellant was charged with operating a hula studio at her residence without having first obtained a special use permit in violation of Section 8-1.4(c) of the zoning ordinance.

Section 8-1.4(c) of the Permanent Ordinances allows for nine special land uses which require approval of the county planning commission.[4] Since operating a hula studio is not listed as one of the nine uses, the State was required to prove

---

[4] *See* note 2.

that a hula studio constituted a special use under the ordinance.[5] It is fundamental in our legal system that the prosecution prove beyond a reasonable doubt every element of a crime charged. *State v. Bannister,* 60 Haw. 658, 660, 594 P.2d 133, 135 (1979); *State v. Cuevas,* 53 Haw. 110, 113, 488 P.2d 322, 324 (1971).

The evidence is lacking that the county planning commission has determined that a hula studio constituted a special use.[6] Neither is there any evidence to show that had appellant applied for a special use, her application would be granted.

Hence, we hold that the State failed to prove an element necessary to show a violation of Section 8-1.4(c).

IV.

Lastly, we address ourselves to appellant's contention that the ordinance violates her right of freedom of religion. This contention is based upon testimony that her hula lessons were an exercise of religion in that they included the teaching of the Hawaiian language, history and culture through the instruction of hula steps and ancient chants.

We note, first of all, that under Section 8-1.4(b), church use is not a "permitted" use in appellant's neighborhood. However, the prohibition is not absolute. Section 8-1.4(c). Ordinances which exclude religious uses from the territory of a municipality are of doubtful validity. *See Zoning Law and the Church,* 27 St. John's L. Rev. 93 (1952). The total exclusion of places of worship is regarded not only as a regulation

---

[5] The category which most likely would include a hula studio as a special use is (8) of Section 8-1.4(c) of the Zoning Ordinance, which provides that the special use permit requirement applies to certain domestic type businesses.

[6] The county planning officials that were called to testify were Roy Figueiroa, a planning inspector, and Toshio Ishikawa, the planning director. When asked if it would be possible to have a hula studio characterized as a special use, Figueiroa stated: "It may be possible." And when asked what the procedure for having it classified as a special use, he stated: "The Planning Commission would have to approve that as a special use." Ishikawa testified that his search of the planning records over the last five years did not reveal any formal applications to the planning commission for a special use permit to conduct a hula studio in a residential district.

not within the scope of the police power, but also as one which infringes upon freedom of religion guaranteed by the constitution. *See generally* Note, *Religion and the Zoning Laws*, 15 NYU Intra. L. Rev. 194 (1960). The wide majority of courts hold that religious uses may not be excluded from residential districts. *Ellsworth v. Gercke*, 62 Ariz. 198, 156 P.2d 242 (1945); *City of Englewood v. Apostolic Christian Church*, 146 Colo. 374, 362 P.2d 172 (1961); *Westchester Reform Temple v. Brown*, 22 N.Y.2d 488, 293 N.Y.S.2d 297, 239 N.E.2d 891 (1968); *City of Sherman v. Simms*, 143 Tex. 115, 183 S.W.2d 415 (1944); *State ex rel. Lake Drive Baptist Church v. Bayside Board of Trustees*, 12 Wis.2d 585, 108 N.W.2d 288 (1961).

In this case, however, church use is a special use in appellant's neighborhood and may be applied for and granted upon approval of the commission.

Appellant has failed to follow the requirements of the ordinance. Thus, we find no merit to her argument. The constitutional issue that may apply to her is premature and is not ripe for this court to consider. We have no way of knowing what the commission would do to her application if one is made.

We do not find merit to the other issues raised in this appeal.

Accordingly, the trial court's judgment is affirmed as to Count I and reversed as to Count II.

*Madelyn D'Enbeau*, Kahala-Ann Trask Gibson, American Civil Liberties Union, of counsel, for defendant-appellant.

*John E. Tam*, Deputy Prosecuting Attorney, County of Maui, for plaintiff-appellee.