Russell L. MUDGE, Jr., Appellant,

v.

STATE of Alaska, Appellee.

No. A–2129.

Court of Appeals of Alaska.

Sept. 9, 1988.

James M. Hackett, James M. Hackett, Inc., Fairbanks, for appellant.

David Mannheimer, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

BRYNER, Chief Judge.

Russell L. Mudge, Jr., was indicted for one count of interference with official proceedings and one count of assault in the second degree. AS 11.56.510(a)(1)(C); AS 11.41.210(a)(1). Mudge filed a pretrial motion to dismiss the indictment, arguing that the state presented insufficient evidence. Superior Court Judge Mary E. Greene denied the motion. A jury convicted Mudge on both counts. On appeal, Mudge renews his claim of insufficient evidence to support his indictment. We affirm.

The facts are undisputed. Before the grand jury, the state presented evidence to establish that Mudge, an inmate at the Fairbanks Correctional Center, aided another inmate, James Moran, in assaulting a third inmate, Richard Clark, in retaliation for Clark's having "snitched" on Moran. The state primarily relied on the testimony of three inmates who witnessed Moran's assault on Richard Clark. They testified that they observed Moran pour scalding water on Clark, with Mudge's assistance.

On appeal, Mudge renews his argument that the state failed to present sufficient evidence to sustain the indictment for interference with official proceedings.[1] Mudge's argument is twofold. He first appears to argue that the state failed to establish the requisite mental state for accomplice liability. Mudge argues that the state must prove that he shared Moran's motivation for assaulting Clark. Mudge alternatively argues that even if the state only needed to prove that he was aware of Moran's purpose, it failed to present sufficient evidence establishing his knowledge.

We first address Mudge's argument that the state needed to prove that Mudge shared Moran's reason for assaulting Clark and acted with the intent to retaliate against Clark because of Clark's participation in an official proceeding. Alaska Statute 11.16.110(2) provides in relevant part:

*Legal accountability based upon the conduct of another: Complicity.*

A person is legally accountable for the conduct of another constituting an offense if

. . . .

(2) with intent to promote or facilitate the commission of the offense, that person

---

1. Mudge also argues that the state relied on inadmissible hearsay evidence to support the indictment, contending that Moran's hearsay statements were not admissible under any exception to the hearsay rule. Mudge's argument is not timely. Although Mudge did file a pretrial motion claiming that the state presented insufficient evidence, he did not raise the issue of the inadmissibility of Moran's hearsay statements at that time. The first time Mudge presented this argument was in his reply brief. *See Galauska v. State*, 527 P.2d 459, 463 n. 2 (Alaska 1974). Moreover, hearsay evidence that would be inadmissible at trial can be admitted at the grand jury if the state can show a compelling justification. *Galauska*, 527 P.2d at 464; Alaska R.Crim.P. 6(r). Because Moran and Mudge were codefendants, calling Moran before the grand jury would have led to direct evidence only if Moran incriminated himself. Concern for Moran's right to not incriminate himself constitutes a compelling reason for the use of his hearsay statement at the grand jury. *Galauska*, 527 P.2d at 465.

. . . .

(B) aids or abets the other in planning or committing the offense[.]

To determine the *mens rea* required for accomplice liability under AS 11.16.110, this court has previously relied on the Commentary to the Model Penal Code. *See Bowell v. State,* 728 P.2d 1220, 1222 (Alaska App. 1986). The Commentary states in relevant part:

Subsection (3)(a) requires that the actor have the purpose of promoting or facilitating the commission of the offense, *i.e.,* that he have as his conscious objective the bringing about of conduct that the Code has declared to be criminal. This is not to say that he must know of the criminality of the conduct; there is no more reason here to require knowledge of the criminal law than there is with the principal actor. But he must have the purpose to promote or facilitate the particular conduct that forms the basis for the charge, and thus he will not be liable for conduct that does not fall within this purpose.

*Model Penal Code* Part I, Art. 2 § 2.06 and commentary at 310–11 (1985) (footnote omitted). The commentary only requires that the accomplice know of the principal's intention and act with the purpose of promoting or facilitating the principal's criminal aim.

In *Shindle v. State,* 731 P.2d 582, 586 (Alaska App.1987), this court decided that in order for a supplier of cocaine to be criminally liable as an accomplice for the subsequent sale of cocaine by the person supplied, the state only needed to establish that the supplier was aware of the buyer's plan to resell cocaine and acted with the intent to promote the buyer's plan. *See also Bowell,* 728 P.2d at 1222; *State v. Hernandez,* 61 Haw. 475, 605 P.2d 75, 79 (1980); *State v. Fitzgerald,* 14 Or.App. 361, 513 P.2d 817 (1973).

▰ Here, the state did not need to prove that Mudge acted with the intent to retaliate against Clark because of Clark's participation in an official proceeding. Rather, in order for Mudge to be found liable as an accomplice, the state needed only to prove that Mudge intentionally aided Moran, knowing of Moran's criminal purpose.

It is clear that this is precisely what the state proved in this case, since the trial judge expressly instructed the jury on the correct mental state. After deliberations had commenced, the jury sent back a question to the judge:

In Count I, are we concerned with whether *Mudge's intent* was to retaliate against Clark because he was a witness, or whether *Moran's intent* was to retaliate against the witness?

The judge responded:

Mr. Moran must have *intended* to retaliate against a witness because of his participation in an official proceeding in order for the crime defined in Count I to have occurred.

In order to be held liable as a participant in that specific crime, Mr. Mudge must have *known* that Mr. Moran intended to retaliate against a witness because of his participation in an official proceeding, but need not have shared that particular motivation.

He must, however, have acted with the intent to promote or facilitate the commission of the offense by Mr. Moran.

Thus, the trial court correctly instructed the jury that Mudge's knowledge of Moran's intent was sufficient to establish Mudge's complicity. Mudge has not challenged this jury instruction on appeal.

▰ We next consider whether the state presented sufficient evidence to satisfy its burden of proof. Three inmates testified before the grand jury that they saw Mudge fill a coffee can full of hot water and set it down. They next saw Moran pick up the coffee can and pour the scalding water on Richard Clark. One inmate testified that, prior to the assault, Moran told him that he intended to throw hot water on Clark in retaliation for Clark's having "snitched" on Moran. Another inmate also testified that Moran approached him prior to the assault and asked him to fill up the coffee can; Moran was afraid that an officer would see him go to the coffee pot and would stop

him "because [the officers] knew that he had a conflict with somebody...." After refusing to assist Moran, the inmate saw Moran talk to Mudge, who then filled the coffee can with hot water. After the assault, the inmate heard Moran tell Mudge words to the effect, "don't worry about it and don't say anything."

To determine the legal sufficiency of the evidence before the grand jury, this court must view the record in the light most favorable to the state and decide whether there is substantial evidence to support the conclusion that there is no reasonable doubt as to the defendant's guilt. *Bowell*, 728 P.2d at 1225.

The testimony of the three inmates raises the inference that Mudge aided Moran, knowing of Moran's intent to assault Clark and of his purpose in doing so. The jury could have reasonably inferred that Moran's disclosures of his plan to other inmates were not isolated instances. Viewing all the evidence in the light most favorable to the state, there was sufficient evidence to infer that Mudge was an accomplice to Moran's crime of interference with official proceedings.

The conviction is AFFIRMED.