**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000108**
**31-MAR-2021**
**07:56 AM**
**Dkt. 48 MO**

NO. CAAP-18-0000108

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
GEORGE CALVENTAS, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(Case No. 1DTA-16-04139)

**MEMORANDUM OPINION**
(By:  Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

After a bench trial, Defendant-Appellant George Calventas, also known as George C. Kalventas (**Calventas**) was convicted of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1).[1]  He appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment (**Judgment**) entered by the District Court of the First Circuit, Honolulu Division,[2] on February 6, 2018.  He contends: (1) the district court erred by

---

[1]    HRS § 291E-61 (Supp. 2014) provides, in relevant part:

   **§291E-61 Operating a vehicle under the influence of an intoxicant.**  (a)  A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

   (1)    While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

[2]    The Honorable James C. McWhinnie presided over the trial.

denying his motions to compel discovery; and (2) there was insufficient evidence to convict him of OVUII. For the reasons explained below, we vacate the Judgment and remand for further proceedings consistent with this memorandum opinion.

### (1) The district court abused its discretion by denying the motions to compel discovery.

Discovery in criminal proceedings is governed by Rule 16 of the Hawai‘i Rules of Penal Procedure (**HRPP**). The rule provides, in relevant part:

> **(a) Applicability.** Subject to subsection (d) of this rule, discovery under this rule may be obtained in and is limited to cases in which the defendant is charged with a felony, and may commence upon the filing in circuit court of an indictment, an information, or a complaint.
>
> **(b) Disclosure by the prosecution.**
>
> (1) DISCLOSURE OF MATTERS WITHIN PROSECUTION'S POSSESSION. The prosecutor shall disclose to the defendant or the defendant's attorney the following material and information within the prosecutor's possession or control:
>
> . . . .
>
> (vii) any material or information which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce the defendant's punishment therefor.
>
> . . . .
>
> **(d) Discretionary disclosure.** Upon a showing of materiality and if the request is reasonable, the court in its discretion may require disclosure as provided for in this Rule 16 in cases other than those in which the defendant is charged with a felony, but not in cases involving violations.

(Underscoring added.)

Calventas was charged with OVUII, a petty misdemeanor.[3] Accordingly, HRPP Rule 16 gave the district court discretion to grant his motion to compel discovery "[u]pon a showing of materiality and if the request is reasonable[.]" State v. Alkire, 148 Hawai‘i 73, 89, 468 P.3d 87, 103 (2020) (citing HRPP

---

[3] See HRS § 701-107(4) (2014) (crime is petty misdemeanor if statute defining crime provides for punishment not to exceed thirty days in prison); HRS § 291E-61(b), (b)(1) (Supp. 2014) (first offense OVUII is punishable by up to five days of imprisonment).

Rule 16(d)).

The State argues that "[a]bsent a court order, the State is <u>not obligated</u> to provide any discovery materials to a defendant in a petty misdemeanor case."  HRPP Rule 16 does not, however, set an outer limit on the court's power to ensure a defendant's constitutional rights.  <u>State v. Tetu</u>, 139 Hawaiʻi 207, 214, 386 P.3d 844, 851 (2016).  The State is required to disclose, upon request, evidence favorable to the defendant that is material to the defendant's guilt.  <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963) (holding that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."); <u>Alkire</u>, 148 Hawaiʻi at 88, 468 P.3d at 102.  "[E]vidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."  <u>Id.</u> at 89, 468 P.3d at 103 (cleaned up).

The Hawaiʻi Supreme Court has extended <u>Brady</u> to apply to impeachment evidence.  "The duty to disclose evidence that is favorable to the accused includes evidence that may be used to impeach the government's witnesses by showing bias, self-interest, or other factors that might undermine the reliability of the witness's testimony."  <u>Birano v. State</u>, 143 Hawaiʻi 163, 182, 426 P.3d 387, 406 (2018) (citing <u>Giglio v. United States</u>, 405 U.S. 150, 154 (1972)).  "The duty to disclose material impeachment evidence is compelled not only by due process, but also the constitutional right to confrontation."  <u>Birano</u>, 143 Hawaiʻi at 183, 426 P.3d at 407.

In this case, Calventas was cited by Honolulu Police Department (**HPD**) officer Ty Ah Nee.  Officer Ah Nee had previously issued a speeding citation to a person identified as Adam Wong.  According to a news media report, then-Honolulu Prosecuting Attorney Keith Kaneshiro (**Kaneshiro**) said that Wong's ticket was dismissed because it was part of an "investigation

into whether HPD officers were writing 'ghost tickets' to motorists so that they could collect more overtime pay by being called into court to testify."  Kaneshiro reportedly said he had authorized the dismissal of Wong's ticket "as part of a plea agreement[.]"  A representative of the Department of the Prosecuting Attorney acknowledged the existence of the plea agreement, and said it "was not part of Wong's case, but the department's ongoing investigation into the police."  The department refused a media request for a copy of the plea agreement, saying "it would jeopardize the ongoing investigation."

Calventas requested discovery of, among other things:

> 2.     The case number(s) and/or investigative reports for any other individual(s) who were either investigated or charged, or whom the State expects to investigate or charge, in connection with the [Adam Wong] traffic incident . . . as potentially exculpatory evidence under Brady v. Maryland, 373 U.S. 83, 83 S.[]Ct. 1194 (1963);
>
> 3.     Any other traffic citations issued by Officer Ty Ah Nee that the State has either suspected or investigated as potentially or actually erroneous or fraudulent ("ghost citations"), as potentially exculpatory evidence under Brady v. Maryland, 373 U.S. 83, 83 S.[]Ct. 1194 (1963); [and]
>
> 4.     Any other District Court cases that the State has requested to dismiss due to an erroneous or fraudulent citation issued by Officer Ty Ah Nee[.]

The State responded that it was "unaware of the existence of any such materials."

Calventas filed a motion to compel discovery.  The motion was supported by copies of the ticket that had been issued by Officer Ah Nee to Wong and the media account of Kaneshiro's statements about his office's investigation into "ghost tickets." The State did not argue, in its memorandum in opposition, that the ghost ticket investigation or the related plea agreement never existed.  The State did not submit an affidavit or declaration from a qualified witness attesting that notwithstanding Kaneshiro's statements, none of the requested documents exist.  The State did not offer to submit the Adam Wong

plea agreement — the existence of which had been confirmed by the Department of the Prosecuting Attorney — to the district court for <u>in camera</u> review to determine whether, and under what conditions, the information should be revealed to Calventas. <u>See</u> <u>United States v. Henthorn</u>, 931 F.2d 29, 30-31 (9th Cir. 1991) ("If the prosecution is uncertain about the materiality of information within its possession, it may submit the information to the trial court for an in camera inspection and evaluation[.]"). Instead, the State's memorandum argued that the district court "should adopt a threshold of materiality showing before requiring the State to perform <u>Henthorn</u> checks or produce materials requested by Defendant." The district court denied the motion to compel.[4]

Calventas later filed a renewed motion to compel, making an offer of proof that Officer Ah Nee would testify that he was the subject of Kaneshiro's statement to the press about "ghost citations." During the hearing on Calventas's renewed motion, the deputy prosecuting attorney represented that after asking superiors about the discovery request, "what has always been said is there is no investigation." The renewed motion was denied.[5]

On appeal, State argues that Calventas failed to prove that the requested information existed. "To challenge the government's representation that it lacks <u>Brady</u> information, [a defendant] must either make a showing of materiality under Rule 16 [of the Federal Rules of Criminal Procedure] or otherwise demonstrate that the government improperly withheld favorable evidence." <u>United States v. Lucas</u>, 841 F.3d 796, 808 (9th Cir. 2016). Calventas made such a showing by providing the district court with evidence that Kaneshiro referred to an ongoing "ghost ticket" investigation, and that the Department of the Prosecuting Attorney admitted the existence of a related plea agreement but

---

[4]    The Honorable James S. Kawashima presided.

[5]    The Honorable William M. Domingo presided.

refused a media request for a copy saying "it would jeopardize the ongoing investigation."

"An abuse of discretion occurs where the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." Kobashigawa v. Silva, 129 Hawaiʻi 313, 320, 300 P.3d 579, 586 (2013) (cleaned up). We hold that the district court abused its discretion by denying Calventas's motions to compel discovery of the Prosecuting Attorney's investigation into invalid "ghost tickets" allegedly written by Officer Ah Nee. Such an investigation could be relevant to Officer Ah Nee's credibility, which in turn could be material to Calventas's guilt. Thus, the information requested by Calventas was material, the request was reasonable, and the district court's denial of Calventas's motions to compel discovery deprived Calventas of his constitutional rights to due process and confrontation. Birano, 143 Hawaiʻi at 183, 426 P.3d at 407.

### (2) The evidence was sufficient to support the OVUII conviction.

When reviewing the sufficiency of evidence on appeal, we apply the following standard of review:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Kalaola, 124 Hawaiʻi 43, 49, 237 P.3d 1109, 1115 (2010) (citations omitted). "'Substantial evidence' as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Id. (citation omitted).

At trial Calventas and the State stipulated to Officer

Ah Nee's training, experience, and qualifications to administer and evaluate the standardized field sobriety tests in accordance with National Highway Traffic Safety Administration standards and HPD protocols, and that Officer Ah Nee would be testifying as a lay witness about his observations of Calventas's performance on the walk-and-turn and one-leg-stand tests.

Officer Ah Nee testified that he was on H-1 speed enforcement duty on October 27, 2016. At about 1:08 a.m. he observed a silver Mercedes traveling eastbound in the far left lane near the Bingham Street off ramp. The Mercedes was traveling faster than other cars.

While Officer Ah Nee was attempting to stop the Mercedes, it exited H-1 and turned onto Harding Avenue. The car drifted to the right, heading directly toward some trash receptacles placed on the sidewalk. The passenger-side wheels appeared to have gone onto the sidewalk. The Mercedes "jerked back to his left and back into the lane" somewhere around the 7th Avenue intersection.

Over his vehicle's loudspeaker Officer Ah Nee instructed the Mercedes driver to turn into the next available side street. The Mercedes turned right into 8th Avenue. Both passenger-side wheels rolled onto the curb as it turned. The Mercedes stopped in the roadway. Officer Ah Nee approached the Mercedes. Calventas was the only occupant. Officer Ah Nee had to ask Calventas several times for his driver's license. Calventas's speech was thick and slurred. His eyes appeared to be red, watery, and glassy. Officer Ah Nee noticed "a very strong odor of an alcoholic[-]type beverage coming out of the vehicle[.]"

Calventas agreed to participate in the field sobriety test. He held onto his car door for balance as he came out of the vehicle. Calventas answered "no" to the medical rule-out questions. He appeared to be unstable during the horizontal gaze nystagmus test, swaying "about two to three inches or so in all directions . . . throughout the whole time."

During the instructional stage of the walk-and-turn test Calventas stepped out of position four times. During the first nine heel-to-toe steps he missed heel-to-toe a few times, stepped off the line, raised his arms, and only took eight steps. He failed to execute the turn as instructed. On the return he again missed heel-to-toe and stepped off the line "a couple of times."

During the one-leg-stand test Calventas swayed the entire time. He put his raised foot down three times during the first ten seconds, but he put it back up. During the second ten seconds he started to hop and both arms came out from his sides. During the last ten seconds he put his raised foot down for three or four seconds.

While announcing its decision the district court stated that Officer Ah Nee testified he "quote, smelled a very strong odor of alcohol <u>from defendant</u>" (underscoring added). Calventas correctly contends the finding is clearly erroneous because Officer Ah Nee actually testified that he noticed "a very strong odor of an alcoholic[-]type beverage <u>coming out of the vehicle</u>" (underscoring added). However, "[i]t matters not if a conviction under the evidence as so considered might be deemed to be against the weight of the evidence so long as there is substantial evidence tending to support the requisite findings for conviction." <u>State v. Summers</u>, 62 Haw. 325, 332, 614 P.2d 925, 930 (1980) (citations omitted). "This standard of review is the same whether the case was tried before a judge or jury." <u>State v. Hernandez</u>, 61 Haw. 475, 478, 605 P.2d 75, 77 (1980) (citations omitted). Officer Ah Nee's testimony about his other observations of Calventas's driving and performance on the SFST, considered in the strongest light for the prosecution, was sufficient to support the trier of fact's conclusion that Calventas operated the Mercedes "[w]hile under the influence of alcohol in an amount sufficient to impair [his] normal mental faculties or ability to care for [himself] and guard against casualty[.]" HRS § 291E-61(a)(1).

Based upon the foregoing, the Judgment entered by the district court on February 6, 2018, is vacated and this matter is remanded for further proceedings consistent with this memorandum opinion.

DATED:  Honolulu, Hawaiʻi, March 31, 2021.

On the briefs:

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

William K. Li,
for Defendant-Appellant.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge