**Electronically Filed
Supreme Court
SCAP-17-0000707
02-JAN-2020
11:58 AM**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---oOo---

_____

STATE OF HAWAI'I, Respondent/Plaintiff-Appellee,

vs.

DAVID M. SHEFFIELD, Petitioner/Defendant-Appellant.

_____

SCAP-17-0000707

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CAAP-17-0000707; 2PC161000068)

JANUARY 2, 2020

RECKTENWALD, C.J., NAKAYAMA, McKENNA, POLLACK, AND WILSON, JJ.

OPINION OF THE COURT BY McKENNA, J.

## I.   Introduction

David M. Sheffield ("Sheffield"), a stranger to the complaining witness ("CW"), allegedly followed her while she walked along a street at night, stated that he wanted to beat her up and have sex with her, pulled a loop on her backpack as she tried to cross a street at a crosswalk, and dragged her backwards about five or ten steps before she broke free. Sheffield was charged with one count of kidnapping in violation

of Hawai'i Revised Statutes ("HRS") § 707-720(1)(d) (2014),[1] a class A felony punishable with up to twenty years of imprisonment,[2] and one count of third degree assault,[3] a misdemeanor punishable with up to one year of imprisonment.[4] At the State's request, the third degree assault count was dismissed before trial. Sheffield was tried by a jury in the Circuit Court of the Second Circuit[5] ("circuit court") and found guilty on the kidnapping count. He now appeals, and this court accepted transfer of the appeal from the ICA.

On appeal, Sheffield argues that, when kidnapping is the only count tried, the State must prove the defendant used a greater degree of "restraint" than that incidentally used to

---

[1] HRS § 707-720(1)(d) provides in relevant part, "A person commits the offense of kidnapping if the person intentionally or knowingly restrains another person with intent to . . . [i]nflict bodily injury upon that person or subject that person to a sexual offense. . . ."

[2] HRS § 706-659 (2014) provides in relevant part, "[A] person who has been convicted of a class A felony . . . shall be sentenced to an indeterminate term of imprisonment of twenty years without the possibility of suspension of sentence or probation. The minimum length of imprisonment shall be determined by the Hawai['}i paroling authority in accordance with section 706-669. . . ."

[3] HRS § 707-712(1)(a) (2014) provides in relevant part, "A person commits the offense of assault in the third degree if the person . . . [i]ntentionally, knowingly, or recklessly causes bodily injury to another person. . . ."

[4] HRS § 706-663 (2014) provides in relevant part, "[T]he court may sentence a person who has been convicted of a misdemeanor . . . to imprisonment for a definite term to be fixed by the court and not to exceed one year. . . ."

[5] The Honorable Peter T. Cahill presided.

commit the underlying unprosecuted assault in the third degree offense.  He also argues the jury should have been so instructed.  Sheffield asserts that the act of pulling the loop on CW's backpack and dragging her backwards five to ten steps was insufficient evidence of "restraint" to support the kidnapping conviction.  He asks this court to reverse his conviction based upon insufficiency of the evidence, or, in the alternative, to vacate his conviction and remand this case to the circuit court for further proceedings.

We hold that the "restraint" required to support a kidnapping conviction under HRS § 707-720(1)(d) is indeed restraint in excess of any restraint incidental to the infliction or intended infliction of bodily injury or subjection or intended subjection of a person to a sexual offense; therefore, the circuit court plainly erred in failing to so instruct the jury.  Hence, we vacate the circuit court's judgment of conviction and sentence and remand this case to the circuit court for further proceedings consistent with this opinion.

## II.  Background

### A.  Indictment

On January 25, 2016, the State charged Sheffield by indictment with Count One:  kidnapping, under HRS § 707-720(1)(d), and Count Two: assault in the third degree, under HRS

§ 707-712(1)(a).  Prior to trial, the State filed a motion to dismiss Count Two without prejudice, which the circuit court granted.

## B.  Trial Testimony

Sheffield's conviction relies on CW's testimony, which we summarize in the light most favorable to the prosecution.  CW was a 24-year-old University of Hawai'i Maui College student on November 16, 2015.  That night, one of her classes had run long, so she left school later than usual, after 7:30 p.m.  When she arrived at the bus station, it appeared empty, so she believed she missed the last bus to upcountry Maui, where she lived.  She decided to walk through Kahului towards the highway to hitchhike.  As she walked down Alamaha Street, she heard male voices yelling at her to "come hang out," but she kept going.  She rolled a cigarette but realized she had no lighter, so she purchased a lighter at a store.  As she exited the store, she heard a male voice yelling at her to stop and wait.

A stranger (later identified as Sheffield) then approached CW.  She kept walking half a block before he started yelling to her again.  As CW entered a crosswalk, Sheffield again ran up to her and asked for a cigarette.  When CW refused, he followed her and kept asking her why she was avoiding him and stating that he wanted her to come to his house.

CW testified that she thought Sheffield was "kind of like a crazy old guy" and did not initially feel threatened by him. She testified, however, that he started becoming more aggressive with her, running in front of her and putting his arms out to block her way, all the while questioning her. Then, according to CW, the stranger told her, "I want to fuck you." He then said he "was going to knock [her] out" and put his hands up near his face before taking a swing at CW. CW stated Sheffield missed her face because he was not a skilled fighter.

As CW turned to run away, Sheffield grabbed a loop on the back of her backpack and pulled her backwards towards the bushes, again repeating "more of the fucking kind of stuff" and that "he was going to beat [her] up." CW testified that Sheffield's voice became "low, mean, and aggressive." She struggled to break free because her backpack was strapped together in the front and she could not undo the buckle. Sheffield pulled CW back "five or maybe ten steps," and every now and then, he would yank on the backpack and "force [her] back . . . another step." When he had pulled her all the way to the curb, he could not pull her any farther.

Sheffield then gave CW a very hard tug, and she spun around, causing him to lose his grip on her backpack loop. She spun around again and ran into the street to escape him. Sheffield pursued her, but both became caught among moving

traffic.  CW was able to run up the street towards a hardware store.  Having eluded Sheffield, CW then called her boyfriend to explain what had happened and asked for a ride home.

## C.  Jury Instructions

After the evidentiary portion of the trial, the circuit court instructed the jury on kidnapping as follows:

> The defendant, DAVID MICHAEL SHEFFIELD, is charged with the offense of Kidnapping.
> A person commits the offense of Kidnapping if he intentionally or knowingly restrains another person with intent to inflict bodily injury upon that person or subject that person to a sexual offense.
> There are three material elements of the offense of Kidnapping, each of which the prosecution must prove beyond a reasonable doubt.  These three elements are:
> 1.  That, on or about the 16th day of November, 2015, in the County of Maui, State of Hawaiʻi, the Defendant restrained another person; and
> 2.  That the Defendant did so intentionally or knowingly; and
> 3.  That the Defendant did so with the intent to inflict bodily injury upon that person or subject that person to a sexual offense.

As to the term "restrain," the circuit court instructed the jury that the term "means to restrict a person's movement in such a manner as to interfere substantially with her liberty by means of force," adapting the instruction from Hawaiʻi Pattern Jury Instructions – Criminal 9.00 (2014) to the evidence adduced at trial.[6]

---

[6]     The pattern jury instruction defines "restrain" as follows:

> "Restrain" means to restrict a person's movement in such a manner as to interfere substantially with the person's liberty:
> (1) by means of force, threat, or deception; or

(continued. . .)

The circuit court also instructed the jury as to sexual assault in the first and second degree, as suggested by Hawai'i Pattern Jury Instructions — Criminal 9.34 (1996).[7]  The court

---

(continued. . .)
          (2) if the person is under the age of eighteen or
          incompetent, without the consent of the relative, person,
          or institution having lawful custody of the person.

Hawai'i Pattern Jury Instructions – Criminal 9.00.

[7]    Hawai'i Pattern Jury Instructions — Criminal 9.34 provides as follows:

          [In Count (count number) of the Indictment/Complaint, the]
          [The] Defendant, (defendant's name), is charged with the
          offense of Kidnapping.

          A person commits the offense of Kidnapping if he/she
          intentionally or knowingly restrains another person with
          intent to [inflict bodily injury upon that person] [subject
          that person to a sexual offense].

          There are three material elements of the offense
          of Kidnapping, each of which the prosecution must prove
          beyond a reasonable doubt.

          These three elements are:

              1. That, on or about (date) in the [City and] County
          of (name of county), the Defendant restrained another
          person; and
              2. That the Defendant did so intentionally or
          knowingly; and
              3. That the Defendant did so with the intent to
          [inflict bodily injury upon that person] [subject that
          person to (name of sexual offense or included sexual
          offense)[*]].
                                    Notes
          H.R.S. §§ 707-720(1)(d), 702-206(1) and (2).

          For definition of states of mind, see instructions:
          6.02--"intentionally"
          6.03--"knowingly"

          For definition of terms defined by H.R.S. Chapter
          707, see instructions:
          9.00--"bodily injury"
          9.00--"restrain"

          *The court should instruct as to the elements of the sexual
          offense or included sexual offenses (and any applicable
                                              (continued. . .)

also instructed the jury that "bodily injury" means "physical pain, illness, or any impairment of physical condition."  The circuit court also instructed the jury on the lesser included misdemeanor offense of unlawful imprisonment in the second degree.[8]

## D.  Verdict, Conviction, Sentence, and Appeal

The jury unanimously found Sheffield guilty as charged of kidnapping.  The circuit court then sentenced Sheffield to 20 years of imprisonment.[9]  Sheffield timely appealed, and we accepted transfer of this case.

## III.  Standards of Review

## A.  Sufficiency of the Evidence

> We have long held that evidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or a jury.  The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.  Indeed, even if it could be said in a bench

---

(continued. . .)
defense that vitiate[s] intent), unless such sexual offenses are otherwise charged.

[8]    HRS § 707-722 (2014), "Unlawful imprisonment in the second degree," provides in relevant part that "(1) [a] person commits the offense of unlawful imprisonment in the second degree if the person knowingly restrains another person."

[9]    The jury found that the State had proven beyond a reasonable doubt that Sheffield did not release CW voluntarily prior to trial.  Therefore, he was convicted of kidnapping as a Class A felony.  See HRS § 707-720 (2) & (3) (2014) (stating that kidnapping is a Class A felony that can be reduced to a Class B felony if the defendant proves that he "voluntarily released the victim, alive and not suffering from serious or substantial bodily injury, in a safe place prior to trial.").

> trial that the conviction is against the weight of the evidence, as long as there is substantial evidence to support the requisite findings for conviction, the trial court will be affirmed.
>
> Substantial evidence as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. And as trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence.

State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007) (citation, quotation marks, and brackets omitted).

## B. Jury Instructions:  Plain Error

> As a general rule, jury instructions to which no objection has been made at trial will be reviewed only for plain error. An error will be deemed plain error if the substantial rights of the defendant have been affected adversely. Additionally, this court will apply the plain error standard of review to correct errors which seriously affect the fairness, integrity, or public reputation of judicial proceedings, to serve the ends of justice, and to prevent the denial of fundamental rights.

State v. Henley, 136 Hawai'i 471, 478, 363 P.3d 319, 326 (2015) (citations omitted).

## IV.  The Parties' Arguments on Appeal

## A.  Sheffield's Opening Brief

In his Opening Brief, Sheffield asserts two points of error:  (1) that insufficient evidence supported the kidnapping conviction, because the restraint Sheffield used against CW was only the restraint necessary to commit the "incidental" and unprosecuted offense, assault in the third degree; and (2) that the circuit court plainly erred in failing to instruct the jury on assault in the third degree (the dismissed and unprosecuted

charge), because the jury should have been instructed that the restraint necessary for a kidnapping conviction must be restraint in excess of the restraint necessary to commit assault in the third degree.

Sheffield first argues that the evidence adduced at trial was insufficient to support his kidnapping conviction because the "restraint" necessary to support a kidnapping conviction must be restraint in excess of that necessary to commit assault in the third degree, the dismissed and unprosecuted "incidental" offense in this case. Sheffield states that the evidence, viewed in the light most favorable to the prosecution, was that Sheffield "grab[bed] CW's backpack and pull[ed] her 5-10 steps backward before she [broke] free," which lasted about 15 seconds, after having stated that he "want[ed] to 'fuck' [CW] and 'beat' her up." Sheffield argues that Hawaiʻi's kidnapping statute was drawn from the Model Penal Code ("MPC"), whose Commentary states that the offense should apply only to "the most severe conduct, given the drastic penalties that attached to such a conviction," and should not be a "companion charge for every robbery, assault, and/or sexual assault," which also involve elements of force and restraint.

To support his position, Sheffield extensively quotes the Commentary to the MPC's kidnapping offense. He notes that the Commentators criticized the states' expansive interpretation of

the offense of kidnapping to prosecute the movement of victims that was only incidental to the commission, or attempted commission, of other crimes like robbery or rape. The Commentators warned against abusive prosecution under the kidnapping statute of conduct that is wrongful but should more appropriately be prosecuted as some other crime. The Commentators theorized that the expansion of kidnapping in this manner occurred due to the inadequacies of the law of attempt. Notably, Sheffield quoted the Commentary as stating, "Where the underlying crime is not completed, prosecution for kidnapping instead of attempt may amount to an end run around the special doctrinal protections designed for uncompleted crimes."

Sheffield then summarizes case law from other jurisdictions purportedly holding that there was insufficient evidence to support a kidnapping conviction because the "restraint" used by the defendant was incidental to the commission of another offense, even an uncharged offense. See State v. Curreri, 213 P.3d 1084 (Kan. Ct. App. 2009); Hines v. State, 40 S.W.3d 705 (Tex. Ct. App. 2001); Alam v. State, 776 P.2d 345 (Alaska Ct. App. 1989); People v. Rappuhn, 260 N.W.2d 90 (Mich. Ct. App. 1977); State v. Rich, 305 N.W.2d 739 (Iowa 1981); State v. Salamon, 949 A.2d 1092 (Conn. 2008); U.S. v. Sanchez, 782 F. Supp. 94 (C.D. Cal. 1992).

11

Sheffield then notes that there have been no Hawai'i cases exploring the level of restraint necessary to support a kidnapping conviction where there is an incidental but unprosecuted crime.  He does note, however, that this court in State v. Deguair, 139 Hawai'i 117, 128, 384 P.3d 893, 904 (2016), held that a kidnapping conviction merges into a robbery conviction where the kidnapping is part of a continuous course of conduct in committing robbery.  He also cites to the following Hawai'i appellate cases to show that a defendant can be convicted of kidnapping and another crime, where the restraint necessary to support the kidnapping conviction was in excess of any restraint necessary to support a conviction for a contemporaneously committed crime:  State v. Hernandez, 61 Haw. 475, 605 P.2d 75 (1980) (per curiam); State v. Halemanu, 3 Haw. App. 300, 650 P.2d 587 (1982); and State v. Yamamoto, 98 Hawai'i 208, 46 P.3d 1092 (App. 2002).

Sheffield argues that the evidence at trial did not show restraint in excess of what would have been used in committing assault in the third degree.  Sheffield argues that his kidnapping conviction should therefore be reversed, as it is not supported by substantial evidence.

Sheffield next addresses his second point of error on appeal:  whether the circuit court plainly erred in failing to

instruct the jury on assault in the third degree, and that the restraint necessary to support a kidnapping conviction had to exceed any restraint used to commit assault in the third degree. Again, he cites to cases from other jurisdictions, in which courts instructed juries that restraint, for purposes of kidnapping, must be greater than the restraint used in committing the other crime for which the defendant was charged (e.g., rape or robbery). See Alam, 776 P.2d 345; Rappuhn, 260 N.W.2d 90; Salamon, 949 A.2d 1092; People v. Bell, 102 Cal. Rptr. 3d 300 (Cal. Ct. App. 2009); and State v. White, 362 S.W.3d 559 (Tenn. 2012)). Therefore, Sheffield argues, the circuit court plainly erred in failing to advise the jury of a heightened restraint requirement for kidnapping. Sheffield thus asks this court to "vacate the conviction" for kidnapping.

In concluding his Opening Brief, Sheffield asks this court to reverse the circuit court's judgment due to insufficiency of the evidence supporting the conviction, or, alternatively, to vacate the judgment and remand this case to the circuit court for further proceedings.

## B.  The State's Answering Brief

As to Sheffield's first point of error (that insufficient evidence supported his kidnapping conviction), the State counter-argues that Sheffield's acts of restraining CW by the loop on her backpack so that she could not free herself, and

13

pulling her back five to ten steps, while repeatedly telling her he was going to "fuck [her]" and "beat [her] up," constituted restraint that substantially interfered with CW's liberty. Therefore, the State argues, Sheffield's kidnapping conviction was supported by substantial evidence. The State analogizes this case to State v. Valdivia, 95 Hawaiʻi 465, 24 P.3d 661 (2001), in which this court held that the defendant-appellant's acts of pinning a police officer's left arm against the steering wheel of a moving car and driving forward, so that the officer was dragged 30 yards, constituted sufficient evidence of restraint to support the kidnapping conviction. 95 Hawaiʻi at 470, 473, 24 P.3d at 660, 669.

The State next addresses Sheffield's second point of error (that the jury should have been instructed that it had to find restraint greater than that necessary to commit the underlying crime in order to convict him for kidnapping). The State counter-argues that the HRS and the Commentary to the Hawaiʻi Penal Code "make no distinction between restraint to commit an underlying offense and the restraint in excess of that." Therefore, to the State, the cases cited by Sheffield from other jurisdictions are inapplicable. The State therefore asks this court to affirm Sheffield's judgment of conviction.

## V. Discussion

### A. The Language, History, and Structure of MPC Section 212.1 (Kidnapping) and Hawai'i's Kidnapping and Related Offenses Statutes, HRS §§ 707-720 to -722

Sheffield argues that the restraint necessary for a kidnapping conviction must be restraint in excess of the restraint necessary to commit assault in the third degree. His argument is supported by the language, history, and structure of MPC section 212.1 (Kidnapping) and Hawai'i's Kidnapping and Related Offenses statutes, HRS §§ 707-720 to -722.

Sheffield was convicted of kidnapping under HRS § 707-720(1)(d), which states, "A person commits the offense of kidnapping if the person intentionally or knowingly restrains another person with intent to . . . [i]nflict bodily injury upon that person or subject that person to a sexual offense. . . ." HRS § 707-700 (2014) defines "restrain" as follows:

> to restrict a person's movement in such a manner as to interfere substantially with the person's liberty: (1) By means of force, threat, or deception; or (2) If the person is under the age of eighteen or incompetent, without the consent of the relative, person, or institution having lawful custody of the person.

Based on the evidence in this case, the circuit court instructed the jury that "[r]estrain means to restrict a person's movement in such a manner as to interfere substantially with her liberty by means of force." Although the circuit court gave this instruction, no instruction was given regarding whether or not the substantial interference necessary for a kidnapping

15

conviction was required to be in excess of the substantial interference with liberty that would be incidental to the infliction or intended infliction of bodily injury or the subjection or intended subjection of a person to a sexual offense.

The Commentary to HRS § 707-720 to -722 notes that "restraint" is the conduct applicable to kidnapping (HRS § 707-720) as well as unlawful imprisonment in the first and second degrees (HRS §§ 707-721 and -722, respectively).  The Commentary states restraint is measured by reasonableness, explaining that the "duration of restraint necessary for conviction depends upon the intent and attendant circumstances.  In this regard, something like a reasonable standard applies."  The Commentary gives the following example of a substantial interference with liberty for purposes of kidnapping and unlawful imprisonment in the first and second degrees:  "[A] short restraint in an area where the victim might suffocate or come to other bodily harm would constitute a substantial interference with liberty under these sections."

Sheffield's position is supported by the MPC's Commentary to Kidnapping, § 212.1.  Hawaiʻi generally follows the MPC.  See State v. Aiwohi, 109 Hawaiʻi 115, 126, 123 P.3d 1210, 1221 (2005) ("The Hawaiʻi Penal Code is substantially derived from the [MPC].  Accordingly, it is appropriate to look to the [MPC] and its

commentary for guidance." (footnote omitted)).  Further, this court has looked to the [MPC]'s Commentary to Section 212.1 (kidnapping) for guidance in the past, although not directly in the context of the kidnapping offense.  See State v. Flores, 131 Hawai'i 43, 54-55, 314 P.3d 120, 131-32 (2013) (looking to MPC Commentary to Section 212.1 and noting that the Hawai'i Penal Code makes distinctions between "unlawful imprisonment" and "kidnapping" in a manner similar to the MPC's distinctions between "unlawful restraint" and "kidnapping").  Thus, the MPC Commentary is a useful aid in analyzing the issues raised in this appeal.

In 1962, the American Law Institute adopted the MPC and Commentaries.  In crafting section 212.1 on kidnapping, the Commentators highlighted several problems with the existing state laws on kidnapping.  They noted that state kidnapping laws had drifted away from the "ancient requirement of asportation out of the country . . . [as] the crux of the common-law offense as placing the victim beyond the protection of the law." Commentary on Section 212.1 at 211.  The Commentators criticized state laws requiring only "movement" of the victim or eliminating the asportation requirement altogether.  Commentary on Section 212.1 at 212.  Another problem they noted was the tendency to charge a kidnapping offense due to the inadequacy of attempt laws to reach conduct preparatory to robbery, rape, or

some other crime.  Commentary on Section 212.1 at 213.  The Commentators also observed that states had dramatically increased the penalty for kidnapping convictions to life imprisonment or death following high-profile kidnappings like the one involving the Lindbergh baby.  Commentary on Section 212.1 at 214-15.  These drastically increased penalties, coupled with the expansive definitions of kidnapping, led some states to grade kidnapping offenses by severity, a move the Commentators supported; on the other hand, the Commentators noted that not all states had graded the offense.  Commentary on Section 212.1 at 216-17.  This state of the law prompted the American Law Institute to undertake a "major restructuring" of the offense of kidnapping.  Commentary on Section 212.1 at 220.  To that end, the MPC introduced three related offenses which were, in order of most to least severe, kidnapping, felonious restraint, and false imprisonment.  Id.  With respect to the kidnapping offense, the MPC requires "substantial removal or confinement," as follows, with the conduct element emphasized:

> A person is guilty of kidnapping if he <u>unlawfully removes another from his place of residence or business, or a substantial distance from the vicinity where he is found, or if he unlawfully confines another for a substantial period in a place of isolation</u> with any of the following purposes:
> (a) to hold for ransom or reward, or as a shield or hostage; or
> (b) to facilitate commission of any felony or flight thereafter; or
> (c) to inflict bodily injury on or to terrorize the victim or another; or

> (d) to interfere with the performance of any governmental or political function.
>
> Kidnapping is a felony of the first degree unless the actor voluntarily releases the victim alive and in a safe place prior to trial, in which case it is a felony of the second degree.  A removal or confinement is unlawful within the meaning of this Section if it is accomplished by force, threat or deception, or, in the case of a person who is under the age of 14 or incompetent, if it is accomplished without the consent of a parent, guardian or other person responsible for general supervision of his welfare.

MPC and Commentaries, § 212.1 at 201 (emphasis added).

By contrast, the Hawai'i Penal Code requires only the act of "restraint," defined to mean "to restrict a person's movement in such a manner as to interfere substantially with the person's liberty" by various means or circumstances.  Although Hawai'i law requires a substantial interference with a person's liberty, it does not require substantial removal or confinement for a kidnapping conviction.  HRS § 707-720.[10]  Thus, the MPC and Hawai'i Penal Code differ significantly in setting forth the conduct necessary for kidnapping.  Unfortunately, there is no legislative history explaining why Hawai'i's version of the kidnapping offense was adopted, as opposed to the MPC's version. 1972 Haw. Sess. Laws Act 9, at 32-142; H. Stand. Comm. Rep. No. 227, in 1971 House Journal, at 784-89; 1971 House Journal, at

---

[10]     HRS § 707-720 (Kidnapping) makes it a crime to "intentionally or knowingly restrain[] another person with the intent" to perform further specified acts.  (Emphasis added.)  The offenses of unlawful imprisonment in the first and second degrees also require "restraint."  HRS § 707-721 (Unlawful imprisonment in the first degree) makes it a crime to "knowingly restrain[] another person under circumstances which expose the person to the risk of serious bodily injury."  (Emphasis added.)  HRS § 707-722 (Unlawful imprisonment in the second degree) makes it a crime to "knowingly restrain[] another person." (Emphasis added.)

380-81; S. Stand. Comm. Rep. No. 599, in 1971 Senate Journal, at 1067-79; 1971 Senate Journal, at 473; Conf. Comm. Rep. Nos. 1&2, in 1972 House Journal, at 1035-47, 1972 Senate Journal, at 734-46; 1972 House Journal, at 236-44; 1972 Senate Journal, at 278-89, 746.

Even though the MPC and Hawai'i Penal Code kidnapping offenses require different conduct, both codes have graded their kidnapping and related offenses, with each considering kidnapping to be the highest grade offense.  Although the Hawai'i Penal Code uses "restrain," instead of substantial removal and confinement, as the conduct element in its kidnapping offense, the Commentary nevertheless states that kidnapping and unlawful imprisonment in the first and second degree "are gradations based upon the underlying conduct of interference with a person's liberty," and that the gradations "are based upon the seriousness of the circumstances or purpose attending this interference."  Commentary to HRS § 707-720 to -722.  The Commentary to HRS § 707-720 to -722 notes that "the most severe sanctions" apply to kidnapping.  Thus, the MPC Commentary is still instructive for its views on the conduct necessary for the most severe offense: kidnapping.

The MPC Commentators explained that the heightened "substantial removal or confinement" conduct required for kidnapping is supported by a dual rationale:  "first, to punish

conduct that effects substantial isolation of the victim from the protection of the law; but, second, to confine the offense to instances where the degree of removal or the duration of confinement coupled with the purpose of the kidnapper render the conduct especially terrifying and dangerous." Commentary to § 212.1 at 223. The Commentators noted that the "substantiality requirement" is intended to "preclude kidnapping liability for detentions merely incidental to rape and other crimes of violence." Commentary to § 212.1 at 224. The Commentators provided the following example of conduct that should not be punished as kidnapping where prosecution for other crimes is more appropriate: "[T]he rapist who forces his victim unto a parked car or dark alley may be punished quite severely for the crime of rape, but he does not thereby also become liable for kidnapping." Commentary to § 212.1 at 223-24. This Commentary is highly relevant to this case, where CW testified that Sheffield dragged her backwards towards the bushes in order to "beat [her] up" or "fuck [her]." Instead of being prosecuted for attempted assault in the third degree and/or a sexual offense, Sheffield was tried and punished solely for kidnapping.[11]

---

[11]    There was no evidence at trial regarding actual bodily injury or a sexual offense. Where the defendant does not complete the underlying offense (whether it be assault or sexual assault or some other offense), however, the MPC Commentators characterized prosecution solely for kidnapping as

(continued. . .)

**B.    The "Restraint" Required by Kidnapping, HRS § 707-720(1)(d), is Restraint in Excess of Any Restraint Incidental to Inflicting, or Intending to Inflict, Bodily Injury or Subjecting, or Intending to Subject, Another Person to a Sexual Offense**

Sheffield asks this court to rule that the restraint necessary to support a kidnapping conviction must be restraint in excess of that necessary to commit an underlying unprosecuted crime.  As HRS § 707-720(1)(d) now stands, it is unclear whether the "restrain[t]" referenced in subsection (1) of the statute is required to be in excess of any restraint incidental to the infliction or intended infliction of bodily injury or subjection or intended subjection of a person to a sexual offense:

> (1)  A person commits the offense of kidnapping if the person intentionally or knowingly restrains another person with intent to:
> . . . .
> (d)  Inflict bodily injury upon that person or subject that person to a sexual offense.

Consider two examples in which restraint could be employed by a defendant with the intent to inflict bodily injury or subject another to a sexual offense.  First, a person might grab another person's arm and pull the other person a few feet to land a punch, but fail to do so.  Second, a person might lead another by knifepoint through an alley and into a deserted

_____

(continued. . .)
"abusive":  "Where the underlying crime is not completed, prosecution for kidnapping instead of attempt may amount to an end run around the special doctrinal protections designed for uncompleted crimes."  Commentary to § 212.1 at 221. Hawai'i law, however, allows prosecution for kidnapping without a completed offense.

warehouse, for the purpose of committing a sexual offense, but eventually fail.  In both instances, if the factfinder finds the person restricted the other person's movement in such a manner as to interfere substantially with the other person's liberty by means of force, the restraining conduct would come under the purview of HRS § 707-720(1)(d), because restraint was used with the intent to inflict bodily injury or subject another person to a sexual offense.  The restraint exercised in the first example, however, is clearly incidental to the intended infliction of bodily injury, whereas in the second example, the restraint exercised is much more than incidental to the intended subjection of a person to a sexual offense.  Nevertheless, both defendants may be convicted of kidnapping, which carries a twenty-year prison sentence.  This risk warrants the adoption of the rule Sheffield advocates.

The cases cited by Sheffield point to what has become a majority rule among the states:  "kidnapping statutes do not apply to unlawful confinements or movements 'incidental' to the commission of other felonies."  Frank J. Wozniak, Annotation, Seizure or Detention for Purpose of Committing Rape, Robbery, or Other Offense as Constituting Separate Crime of Kidnapping, 39 A.L.R.5th 283, § 2[a] (1996)).  The Court of Appeals of New Mexico comprehensively examined this majority rule before

adopting it in State v. Trujillo, 289 P.3d 238, 240 (N.M. Ct. App. 2012).

In that case, the defendant and another man broke into a home.  289 P.3d at 240.  The defendant began striking one of the home's occupants with a metal bar.  Id.  The victim was able to get on top of the defendant and hit him.  Id.  The defendant then held the victim and called out to the other assailant for help.  Id.  The other assailant struck the victim, so the defendant was able to break free and continue beating the victim.  Id.  The assault lasted approximately two to four minutes before both assailants left.  Id.

The defendant was tried and convicted of kidnapping and aggravated battery, among other offenses.  289 P.3d at 240.  He appealed his kidnapping conviction, arguing that the New Mexico legislature "did not intend to punish restraint incidental to an aggravated battery as kidnapping," or, alternatively, that insufficient evidence supported his kidnapping conviction because "it failed to establish a restraint beyond that incidental to the aggravated battery."  Id.  The Court of Appeals of New Mexico was persuaded by the defendant's arguments.

The Trujillo court examined the legislative intent, history, and purpose of the New Mexico kidnapping statute and concluded that "applying the plain language would be 'absurd,

24

unreasonable, or unjust.'"  Id.  The court concluded that the New Mexico legislature "could not have intended to increase Defendant's punishment three- or six-fold (from three years to nine or eighteen years) for conduct that was merely incidental to another crime."  Id.  The Trujillo court also observed that crimes of restraint were graded by the severity of punishment, from false imprisonment (the least severe), to criminal use of ransom (of intermediate severity), to kidnapping (the most severe).  289 P.3d at 247.  It reasoned that the "gradated system of penalties indicates that the [New Mexico] Legislature recognized the special harm caused by movement or isolation of a victim with the specified intent and sought to distinguish it from restraint without that intent."  Id.

The Trujillo court noted that the majority rule among other jurisdictions is that restraint or movement merely incidental to some other crime will not support a conviction for kidnapping. 289 P.3d at 248.  In these other jurisdictions, three formulations of the majority rule have emerged for determining whether a restraint or movement is "incidental" to another crime.  Id.  In summary, the three tests for incidental movement or restraint are

> (1)  whether the confinement, movement, or detention was merely incidental to the accompanying crime or whether it was significant enough, in and of itself, to warrant independent prosecution.

> (2)  whether the detention or movement substantially increased the risk of harm over and above that necessarily present in the accompanying crime.
>
> (3)  when the restraint or movement was done to facilitate the commission of another crime, the restraint or movement must not be slight, inconsequential, and merely incidental to the other crime, or be the kind of restraint or movement inherent in the nature of the other crime.  Under this test, the restraint or movement must have some significance independent of the other crime, in that it makes the other crime substantially easier to commit or substantially lessens the risk of detection.

Id.  The Trujillo court concluded, "The basic question to which each of these tests is directed is whether the restraint or movement increases the culpability of the defendant over and above his culpability for the other crime."  289 P.3d at 250 (citations omitted).  The court noted that "facts matter" in kidnapping cases; therefore, whether restraint or movement is incidental depends upon the totality of the circumstances.  289 P.3d at 251, 252.  Ultimately, the Trujillo court declined to select a specific test among the three tests,[12] holding instead that the defendant's momentary restraint of the victim in the course of a fight failed to constitute kidnapping under any of the tests.  289 P.3d at 250.

We hereby follow the majority rule outlined in Trujillo, and hold that the restraint necessary to support a kidnapping conviction under HRS § 707-720(1)(d) must be restraint that is

---

[12]     As a result, in New Mexico, courts analyze the defendant's acts of restraint under all three tests.  See, e.g., State v. Tapia, 347 P.3d 738, 748-49 (N.M. Ct. App. 2015).

in excess of any restraint incidental to the infliction or intended infliction of bodily injury or subjection or intended subjection of a person to a sexual offense.[13]

## C.    Jury Instructions

Sheffield next argues that the circuit court plainly erred in failing to instruct the jury that the restraint necessary to support a conviction for kidnapping must be restraint that is more than merely incidental to an accompanying (but here, unprosecuted) crime.  For the reasons stated in the previous section, we agree.  Such instructional error cannot be said to be harmless beyond a reasonable doubt where, as here, there was a reasonable possibility that the failure to give the instruction contributed to Sheffield's kidnapping conviction.

---

[13]    As the issues are not before us, we do not address the restraint necessary to support a conviction for "kidnapping" based on the other subsections of HRS 707-720(1):

> (1) . . . intentionally or knowingly restrain[ing] another person with intent to (a) Hold that person for ransom or reward; (b) Use that person as a shield or hostage; (c) Facilitate the commission of a felony or flight thereafter; . . . (e) Terrorize that person or a third person; (f) Interfere with the performance of any governmental or political function; or (g) Unlawfully obtain the labor or services of that person, regardless of whether related to the collection of a debt.

We also do not address the restraint necessary to support a conviction for "unlawful imprisonment in the first degree" under HRS § 707-721 ("A person commits the offense of unlawful imprisonment in the first degree if the person knowingly restrains another person under circumstances which expose the person to the risk of serious bodily injury") or "unlawful imprisonment in the second degree" under HRS § 707-722 ("A person commits the offense of unlawful imprisonment in the second degree if the person knowingly restrains another person.").

In examining kidnapping jury instructions from other states, we note that New Mexico's kidnapping statute is substantially similar to ours, in that it defines kidnapping, in pertinent part, as "the unlawful . . . restraining . . . of a person, by force, . . . with intent . . . to inflict . . . physical injury or a sexual offense on the victim."[14]  N.M. Stat. Ann. § 30-4-1(A)(4) (West 1978).[15]

After adopting the majority rule concerning incidental restraint in Trujillo, New Mexico amended its pattern jury instruction on kidnapping to require the State "to prove that the 'taking or restraint . . . of [the victim] was not slight, inconsequential, or merely incidental to the commission of another crime[.]'"  State v. Sena, 419 P.3d 1240, 1248 (N.M. Ct.

---

[14]    Again, HRS § 707-720(1)(d) defines "kidnapping" as "intentionally or knowingly restrain[ing] another person with intent to . . . [i]nflict bodily injury upon that person or subject that person to a sexual offense."

[15]    The full kidnapping statute provides the following:
> A. Kidnapping is the unlawful taking, restraining, transporting or confining of a person, by force, intimidation or deception, with intent:
> (1) that the victim be held for ransom;
> (2) that the victim be held as a hostage or shield and confined against his will;
> (3) that the victim be held to service against the victim's will; or
> (4) to inflict death, physical injury or a sexual offense on the victim.
> B. Whoever commits kidnapping is guilty of a first degree felony, except that he is guilty of a second degree felony when he voluntarily frees the victim in a safe place and does not inflict physical injury or a sexual offense upon the victim.

N.M. Stat. Ann. § 30-4-1.

App. 2018) (quoting New Mexico Uniform Jury Instruction 14-403

NMRA (2015)).[16]

---

[16]     The full New Mexico Uniform Jury Instruction on Kidnapping reads as follows, with footnotes omitted:

> For you to find the defendant guilty of [first degree] kidnapping [as charged in Count _____ ], the state must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:
>
> 1. The defendant [took] [or] [restrained] [or] [confined] [or] [transported] _____ (name of victim) by [force] [or] [intimidation] [or] [deception] [by _____ (describe conduct)];
>
> [2. The defendant's act was unlawful;]
>
> 3. The defendant intended:
> [to hold _____ (name of victim) for ransom]
> [OR]
> [to hold _____ (name of victim) as a [hostage] [or] [shield] against _____'s (name of victim) will
> [OR]
> [to inflict [death] [or] [physical injury] [or] [a sexual offense] on _____ (name of victim)]
> [OR]
> [to [make _____ (name of victim) _____ (name specific act)] [or] [keep _____ (name of victim) from _____ (name specific act)] against _____'s (name of victim) will, for the purpose of _____ (identify benefit to defendant)];
>
> 4. The [taking] [or] [restraint] [or] [confinement] [or] [transportation] of _____ (name of victim) was not slight, inconsequential, or merely incidental to the commission of another crime (or name of offense);]
>
> 5. [The defendant did not voluntarily free _____ (name of victim) in a safe place;]
> [OR]
> [The defendant inflicted physical injury upon _____ (name of victim) during the course of the kidnapping;]
> [OR]
> [The defendant inflicted a sexual offense upon _____ (name of victim) during the course of the kidnapping;]
>
> 6. This happened in New Mexico on or about the _____ day of _____, _____.

The wisdom of adopting a similar pattern jury instruction is clear to us.[17]  We hold that the circuit court in this case plainly erred in not instructing the jury that Sheffield's restraint of CW had to be restraint in excess of restraint incidental to any intended infliction of bodily injury or a sexual offense upon CW.

**D.    Substantial Evidence Supports Sheffield's Kidnapping Conviction**

We must now address Sheffield's first point of error on appeal, in which he alleges insufficient evidence supported the kidnapping conviction, because the restraint Sheffield used against CW was only the restraint necessary to commit the incidental and unprosecuted offense, assault in the third degree.  The double jeopardy clause of article I, section 10 of the Hawai'i Constitution requires a reviewing appellate court to address a defendant's express claim of insufficiency of the evidence prior to remanding for a new trial based on trial error.  State v. Davis, 133 Hawai'i 102, 118, 324 P.3d 912, 928 (2014).  Under our precedent, substantial evidence supports Sheffield's conviction.

Generally speaking, Hawai'i appellate kidnapping cases have affirmed kidnapping convictions based on acts of restraint by

---

[17]    We suggest that the Standing Committee on Pattern Jury Instructions — Criminal craft an instruction for Hawai'i consistent with this opinion.

force that were longer in duration and more severe than the restraint used by Sheffield. See, e.g., Halemanu, 3 Haw. App. 300, 650 P.2d 587 (affirming kidnapping conviction after concluding that appellant restrained the victim when he entered the victim's car and directed the victim to drive wherever the appellant directed him, which ended up being from Honolulu to Waianae and back); Yamamoto, 98 Hawai'i 208, 46 P.3d 1092 (affirming kidnapping conviction after concluding that appellant restrained the victim by forcing her into a car at knifepoint, driving to his apartment complex, then forcing her through a parking lot at knifepoint); Valdivia, 95 Hawai'i 465, 24 P.3d 661 (affirming kidnapping conviction after concluding that appellant restrained a police officer by pinning the police officer's arm against the steering wheel of a moving vehicle, then dragging the officer 30 yards); State v. Veikoso, 126 Hawai'i 267, 270 P.3d 997 (2011) (affirming kidnapping conviction after concluding that the defendant restrained CW by force by grabbing her phone, striking her in the face and the back of the head several times, grabbing her hair, and pulling her down to the center console of his car, causing her to bleed and black out, grabbing her hair again, and hitting her on the back of the head).

In Hernandez, 61 Haw. 475, 605 P.2d 75, however, this court affirmed a co-defendant's kidnapping conviction based on a

fleeting moment of restraint. In that case, Hernandez and a co-defendant, Miller, had driven a woman up to a deserted area on Waialae Iki Ridge. 61 Haw. at 476, 605 P.2d at 76. Miller sexually assaulted the woman multiple times on the mountain ridge while Hernandez waited in the car. Id. When the woman ran up to the car, Hernandez grabbed her and pushed her to the ground, and at that point, Miller reached the woman and resumed his attack. 61 Haw. at 477, 605 P.2d at 77. This court held, "Even though of short duration, under such circumstances the actions of [Hernandez] constituted a substantial interference with the victim's liberty and, accordingly, a prohibited restraint." 61 Haw. at 479, 605 P.2d at 78. The Hernandez court quoted the Commentary to HRS § 702-720 to -722 to note that "a short restraint in an area where the victim might suffocate or come to other bodily harm would constitute a substantial interference with liberty. . . ." 61 Haw. at 478-79, 605 P.2d at 77. It is clear in the Hernandez case that Hernandez's restraint of the woman occurred in an area where she might come to other bodily harm, as the woman was in the process of being sexually assaulted by Miller in a deserted area of Waialae Iki Ridge. Thus, the kidnapping conviction was affirmed. 61 Haw. at 480, 605 P.2d at 78.

In evaluating sufficiency, we view the evidence adduced in the trial court in the strongest light for the prosecution.

32

Applying this standard, substantial or "credible evidence of sufficient quality and probative value" exists to "enable a person of reasonable caution" to conclude that Sheffield's restraint of CW was more than merely incidental to his attempt to assault CW.  Matavale, 115 Hawai'i at 157-58, 166 P.3d at 330-31.  A reasonable juror could conclude that Sheffield's act of grabbing onto the loop of CW's backpack and dragging her backwards five to ten steps was an intentional or knowing act that restricted CW's movement so as to substantially interfere with her liberty by use of force, and that this restraint was in excess of any restraint incidental to any intended infliction of bodily injury or to any intended subjection of CW to a sexual offense;  Sheffield's statements that he was going to "beat [CW] up" or "fuck [her]" allowed the jury to make a reasonable inference that Sheffield intentionally or knowingly restrained CW in this way with an intent to inflict bodily injury or subject CW to a sexual offense.

Sheffield's sufficiency of the evidence point of error therefore lacks merit.

## VI.  Conclusion

Based on the reasons above, we vacate Sheffield's kidnapping conviction and remand this case to the circuit court for further proceedings consistent with this opinion.

| | |
|---|---|
| Matthew S. Kohm<br>for petitioner | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Emlyn Higa<br>for respondent | /s/ Sabrina S. McKenna |
| | /s/ Richard W. Pollack |
| | /s/ Michael D. Wilson |

