**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000007**
**05-MAY-2021**
**07:52 AM**
**Dkt. 61 SO**

NO. CAAP-19-0000007

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
LYDA J. ABELLIRA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 1CPC-17-0001250)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Lyda J. Abellira (**Abellira**) appeals from the Judgment of Conviction and Probation Sentence (**Judgment**), entered on December 4, 2018, in the Circuit Court of the First Circuit (**circuit court**).[1] After a jury trial, Abellira was convicted of Assault in the Third Degree, in violation of HRS § 707-712,[2] and Terroristic Threatening in the First Degree

---

[1] The circuit court entered an Amended Judgment of Conviction and Probation Sentence (**Amended Judgment**) on December 13, 2018, following Plaintiff-Appellee State of Hawaii's (**State**) post-judgment Motion to Modify Probation to Add Term and Condition. Abellira's notice of appeal is deemed to appeal from the Amended Judgment. See Hawaiʻi Rules of Appellate Procedure Rule 4(a)(3). The Honorable Shirley M. Kawamura presided over the trial, as well as entry of the Judgment and the Amended Judgment.

[2] HRS § 707-712 (2014) provides, in relevant part:

(1) A person commits the offense of assault in the third degree if the person:

　　(a)　Intentionally, knowingly, or recklessly causes bodily injury to another person; or

　　(b)　Negligently causes bodily injury to another person with a dangerous instrument.

(**TT1**), in violation of HRS § 707-716(1)(e).[3/]

On appeal, Abellira raises a single point of error, contending that the circuit court erred in instructing the jury on the TTI charge by failing to give a specific unanimity instruction regarding the persons threatened.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Abellira's point of error as follows, and vacate the Judgment and the Amended Judgment as to Abellira's conviction for TT1.

We first note that Abellira failed to object to the alleged deficiency in the jury instructions at trial. "As a general rule, jury instructions to which no objection has been made at trial will be reviewed only for plain error. An error will be deemed plain error if the substantial rights of the defendant have been affected adversely." State v. Sheffield, 146 Hawaiʻi 49, 53, 456 P.3d 122, 126 (2020) (quoting State v. Henley, 136 Hawaiʻi 471, 478, 363 P.3d 319, 326 (2015)).

> [A]lthough as a general matter forfeited assignments of error are to be reviewed under Hawaiʻi Rules of Penal Procedure (HRPP) Rule 52(b) plain error standard of review, in the case of erroneous jury instructions, that standard of review is effectively merged with the HRPP Rule 52(a) harmless error standard of review because it is the duty of the trial court to properly instruct the jury. As a result, once instructional error is demonstrated, we will vacate, without regard to whether timely objection was made, if there is a reasonable possibility that the error contributed to the defendant's conviction, *i.e.*, that the erroneous jury instruction was not harmless beyond a reasonable doubt.

---

[3/] HRS § 707-716 (2014) provides, in relevant part:

(1) A person commits the offense of terroristic threatening in the first degree if the person commits terroristic threatening:

. . . .

(e) With the use of a dangerous instrument. . . .

HRS § 707-715 (2014) states, in relevant part:

A person commits the offense of terroristic threatening if the person threatens, by word or conduct, to cause bodily injury to another person . . . :

(1) With the intent to terrorize, or in reckless disregard of the risk of terrorizing, another person[.]

2

State v. Malave, 146 Hawaiʻi 341, 348, 463 P.3d 998, 1005 (2020) (original brackets omitted) (quoting State v. Nichols, 111 Hawaiʻi 327, 337, 141 P.3d 974, 984 (2006)).

Relying on State v. Auld, 114 Hawaiʻi 135, 157 P.3d 574 (App. 2007), Abellira contends that "the circuit court reversibly erred in failing to instruct the jury with a specific unanimity instruction regarding the person(s) threatened, and as a result there was a genuine possibility that the jurors were not unanimous as to the person(s) threatened." Abellira acknowledges:

> The trial court instructed the jury with a general unanimity instruction . . . [which] instruct[ed] the jury "that they must be unanimous as to the verdict." Auld, 114 Hawaiʻi at 139, 157 P.3d 578. This is in contrast to a specific unanimity instruction which instructs the jury that "all twelve of its members must agree that the same underlying criminal act has been proved beyond a reasonable doubt." Id.

(Some citations omitted.) Abellira argues that, here, the circuit court instructed the jury that the State had to prove beyond a reasonable doubt that Abellira "threatened and had the intent to terrorize Timothy and/or Eʻoluʻi and/or Eʻleʻa and/or Nalani and/or Kim."[4] Abellira concludes that "[w]ithout a specific unanimity instruction as to the person(s) threatened[,] each of the twelve jurors could have based his or her determination of guilt on a finding of no less than 31 different victim alternatives."

We conclude that with respect to the TT1 charge, the circuit court plainly erred in failing to give a specific instruction requiring unanimity as to the person(s) threatened.

In Auld, this court ruled that a unanimity requirement "applies as much (a) to the person(s) threatened as it does (b) to the threatening conduct." 114 Hawaiʻi at 142, 157 P.3d at 581. There, the defendant was charged with two counts of TT1 (Counts One and Five). Id. at 136, 157 P.3d at 575. At trial, the prosecution adduced evidence of several persons that the defendant had threatened, as well as multiple acts by the

_____

[4] The complaining witnesses in this case are Timothy Kwan Rodrigues (**Timothy**), Eʻoluʻi Ilae (**Eʻoluʻi**), Eʻleʻa Ilae (**Eʻleʻa**), Relina "Nalani" Agbayani-Ho Ching (**Relina**), and Kim Ilae (**Kim**).

defendant, that served as the basis for the two TT1 counts.  Id. at 136-37, 157 P.3d at 575-76.  No specific unanimity instruction was given regarding which persons were threatened in which count, and the jury convicted the defendant on both TT1 counts.  Id. at 136, 138, 157 P.3d at 575, 577.  In vacating the defendant's convictions, this court reasoned that the jury instruction at issue

> states that one of the elements of Count One is that Auld terroristically threatened Salina, Kiana **"and/or"** Liane, thus permitting the jury to decide that Auld terroristically threatened Salina, Kiana, or Liane.  Without any instruction requiring unanimity as to the person(s) threatened, each of the twelve jurors could have based his or her determination of guilt on a finding of [seven] victim alternatives. . . . Allowing each juror seven choices and not requiring all jurors to agree on no less than one violates the rule requiring a unanimous jury regarding the person(s) threatened, which was necessary to prove the offense charged.

Id. at 143-44, 157 P.3d at 582-83 (emphasis added).  "In other words, because there was a possibility that the conviction resulted from different jurors concluding that the defendant committed a specific act, but with respect to different persons, there was no way to determine whether the jury produced a unanimous verdict with respect to the person or persons against whom each crime was committed."  State v. Mundon, 121 Hawaiʻi 339, 354, 219 P.3d 1126, 1141 (2009) (construing Auld).  Accordingly, the ICA vacated the TT1 convictions and remanded for a new trial.  Auld, 114 Hawaiʻi at 145, 157 P.3d at 584.

Here, the circuit court's jury instructions for TT1 required the jury to determine, among other things, that Abellira threatened to cause bodily injury to "TIMOTHY KWAN-RODRIGUES and/or EʻOLUʻI ILAE and/or EʻLEʻA ILAE and/or RELINA AGBAYANI-HO CHING and/or KIM ILAE" with the intent to terrorize or in reckless disregard of the risk of terrorizing "TIMOTHY KWAN-RODRIGUES and/or EʻOLUʻI ILAE and/or EʻLEʻA ILAE and/or RELINA AGBAYANI-HO CHING and/or KIM ILAE."[5]

---

[5]  The jury was instructed in relevant part as follows:

> In Count II of the Indictment, the Defendant, LYDA J. ABELLIRA, is charged with the offense of Terroristic Threatening in the First Degree.

(continued...)

4

5/ (...continued)

This offense can be committed in either of two ways: Terroristic Threatening in the First Degree (Intent to Terrorize) or Terroristic Threatening in the First Degree(Reckless Disregard of Terrorizing).

Intent to Terrorize

As to the first alternative, a person commits the offense of Terroristic Threatening in the First Degree (Intent to Terrorize) if, with the intent to terrorize another person, she threatens, by word or conduct, to cause bodily injury to another person with the use of a dangerous instrument.

There are four material elements of the offense of Terroristic Threatening in the First Degree (Intent to Terrorize), each of which the prosecution must prove beyond a reasonable doubt.

These four elements are:

1. That, on or about September 1, 2017, in the City and County of Honolulu, the Defendant threatened, by word or conduct, to cause bodily injury to TIMOTHY KWAN-RODRIGUES and/or EʻOLUʻI ILAE and/or EʻLEʻA ILAE and/or RELINA AGBAYANI-HO CHING and/or KIM ILAE; and

2. That the Defendant did so with the intent to terrorize TIMOTHY KWAN-RODRIGUES and/or EʻOLUʻI ILAE and/or EʻLEʻA ILAE and/or RELINA AGBAYANI-HO CHING and/or KIM ILAE; and

3. That the Defendant did so with the use of a dangerous instrument; and

4. That the Defendant acted intentionally as to element 3.

Reckless Disregard of Terrorizing

As to the second alternative, a person commits the offense of Terroristic Threatening in the First Degree (Reckless Disregard of Terrorizing) if, in reckless disregard of the risk of terrorizing another person, she threatens, by word or conduct, to cause bodily injury to another person with the use of a dangerous instrument.

There are four material elements of the offense of Terroristic Threatening in the First Degree (Reckless Disregard of Terrorizing), each of which the prosecution must prove beyond a reasonable doubt.

These four elements are:

1. That, on or about September 1, 2017, in the City and County of Honolulu,the Defendant threatened, by word or conduct, to cause bodily injury to TIMOTHY KWAN-RODRIGUES and/or EʻOLUʻI ILAE and/or EʻLEʻA ILAE and/or RELINA AGBAYANI-HO CHING and/or KIM ILAE; and

2. That the Defendant did so in reckless disregard of the risk of terrorizing TIMOTHY KWAN-RODRIGUES and/or EʻOLUʻI ILAE and/or EʻLEʻA ILAE and/or RELINA AGBAYANI-HO CHING

(continued...)

5

In addition, the State told the jury during closing argument:

> Then going onto the terroristic threatening. Now -- oh, and I'm sorry, with regard to the Assault 2, there was one act. There was one act only. You guys don't have to figure out which one. It's the act where she swung and she hit Timothy. That's simple.  There were a couple times where she swung at Eolui and then there was the time that she reversed the van into five of the people there or towards five of the people there.  That's the part with the instruction talking about different acts can be the basis for it.
>
> So, item one, if you . . . unanimously agree that she did take a swing or two at Eolui, at his head, fortunately didn't hit him, chain's still a dangerous instrument. That's a TT1 there, which because every -- remember, the list of people, we don't have to prove all beyond a reasonable doubt, just one of them, and/or, and/or, and/or, and/or, but there is the second incident.  She did reverse her van into the area where the five were there.  Mom was quite clear about who was there and, again, she even came out, simply because she was worried about everyone else, so she's paying attention to that.

As in <u>Auld</u>, the jury instructions for TT1 impermissibly allowed each juror numerous choices, involving five complaining witnesses, and did not require all jurors to agree on no less than one complaining witness.  114 Hawaiʻi at 143-44, 157 P.3d at 582-83.  In its closing argument, the State advocated for a guilty verdict on the TT1 charge based on the same "and/or" language in the jury instructions.

The State contends that "no victim-specific unanimity instruction" was required because a specific unanimity instruction was given with respect to the **acts** committed by Abellira[6], and "there was no chance of jury confusion" as to "the victim(s) of each act" underlying the TT1 count.  The State argues that "[i]nsofar as Eolui was identified as the victim for

---

[5]  (...continued)
and/or KIM ILAE; and

    3. That the Defendant did so with the use of a dangerous instrument; and

    4.  That the Defendant acted recklessly as to element 3.

[6]  The jury was instructed as follows:

    The law allows the introduction of evidence for the purpose of showing that there is more than one act upon which proof of an element of an offense may be based.  In order for the prosecution to prove an element, all twelve jurors must unanimously agree that the same act has been proved beyond a reasonable doubt.

the act of swinging the chain," there was no chance of jury confusion as to the victim of that act. As to the act of reversing the van, the State argues that "[b]ased on the evidence presented, Eolui, Tim, Elea, and Relina were standing together as a group[,]" and "it would have been impossible to reverse towards one person and not the others[.]"

The State's argument only highlights the jury unanimity issue here. Given the ambiguous "and/or" language of the TT1 jury instructions and the absence of a threatened-person-specific instruction, each juror could have had a different view of which complaining witness Abellira terroristically threatened and could have based his or her determination of guilt on a finding of numerous alternatives. The fact that one of the alternatives involved a specific alleged act and complaining witness (the swinging of the chain as to Eʻoluʻi) does not resolve the problem, as it is possible that the jury did not unanimously agree on this alternative, given the availability of numerous other alternatives involving the reversing of the van. As to the latter act, there was varying testimony at trial as to which complaining witnesses were part of the "group" in the path of the van and where each complaining witness was standing during the relevant time period.[7]

On this record, we cannot conclude that the omission of a threatened-person-specific unanimity instruction was harmless beyond a reasonable doubt. As a result, we conclude that when read and considered as a whole, the instructions given were prejudicially insufficient and erroneous, and the judgment of conviction as to the TT1 charge must be set aside.

Therefore, IT IS HEREBY ORDERED that the Judgment of Conviction and Probation Sentence and the Amended Judgment of

---

[7] For example, Timothy testified that if he had not moved off the road, he would have been hit by the van. Barbara Pascua, a witness to the incident, testified that Abellira put the van in reverse and "swerved the vehicle in the direction of" Eʻoluʻi and his girlfriend (Relina). Eʻoluʻi testified that his mother (Kim), his sister (Eʻleʻa), and his girlfriend (Relina) had to get out of the way of the van's path, but that he did not. When asked who was in the area when Abellira was reversing, Eʻleʻa responded, "[m]e, Relina, Eolui, my mom [Kim], and I think Tim but I'm not too sure." Relina testified that she, Eʻoluʻi, Eʻleʻa, and Kim were all standing in the same area and had to run out of the way of the van, but could not remember if Timothy was there.

**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

Conviction and Probation Sentence, entered on December 4 and 13, 2018, respectively, in the Circuit Court of the First Circuit, are vacated only as to Count Two, Terroristic Threatening in the First Degree.  The case is remanded to the circuit court for a new trial on Count Two, with instructions to provide the jury with a specific unanimity instruction as to the person(s) threatened, and for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, May 5, 2021.


On the briefs:

Taryn R. Tomasa,
Deputy Public Defender,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge