**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000521
20-OCT-2025
07:56 AM
Dkt. 55 SO**

NO. CAAP-23-0000521

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JOSEPH R. SMITH, JR., Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DCW-23-0000982)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Guidry, JJ.)

Defendant-Appellant Joseph R. Smith (**Smith**), appeals from the October 3, 2023 Notice of Entry of Judgment and/or Order (**Judgment**) entered against him by the District Court of the First Circuit, Honolulu Division (**District Court**).[1]

Smith raises two points of error on appeal, contending that: (1) there was insufficient evidence that he possessed the requisite intent to be convicted of Harassment in violation of Hawaii Revised Statutes (**HRS**) § 711-1106(a)(1) (2014),[2] and (2)

---

[1] The Honorable Michelle N. Comeau presided.

[2] HRS § 711-1106 provides in relevant part:

> **§ 711-1106 Harassment.** (1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:
> (a) Strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact[.]

the District Court plainly erred in admitting the testimony of Christine Kubota (**Kubota**) about her emotional state, either because it was irrelevant or unfairly prejudicial.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Smith's points of error as follows:

(1)  Smith argues there was insufficient evidence of the mens rea requirement for HRS § 711-1106(1)(a).  He contends that, "even viewed in the light most favorable to the State," telling the complaining witness there was a "blow job fee" to enter the men's bathroom and then pushing her is insufficient to prove the specific intent to harass, annoy, or alarm.  Smith argues that he pushed Kubota to keep her from entering the men's bathroom, not to harass, annoy, or alarm her.  Similarly, he contends that he made the blow job fee comment not to harass Kubota, but to warn her not to enter the bathroom.  Because she did not take his comment seriously and because he did not push her until she entered the bathroom, Smith contends Kubota's testimony supports his claim that he acted only to keep her out of the bathroom.

As noted, "a person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person: strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact."  HRS § 711-1106(1)(a) (format altered).  To determine whether there was sufficient evidence to prove a defendant's intent, we "engage in a fact-intensive, case-

2

by-case analysis of the defendant's conduct and the totality of the surrounding circumstances." State v. Calaycay, 145 Hawaiʻi 186, 200, 449 P.3d 1184, 1198 (2019) (citation omitted).

Given the difficulty in proving the mens rea element by direct evidence, Hawaiʻi appellate courts have "'consistently held that . . . proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the [defendant's conduct] is sufficient. . . . Thus, the mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances.'" State v. Batson, 73 Haw. 236, 254, 831 P.2d 924, 934 (1992) (citation omitted). In conducting this analysis, we will not disturb the credibility determinations of the trial court. See, e.g., State v. Yabusaki, 58 Haw. 404, 410, 570 P.2d 844, 848 (1977); State v. Mitchell, 94 Hawaiʻi 388, 393, 15 P.3d 314, 319 (App. 2000).

The defendant's contact and their surrounding statements are among the factors the court may consider in deciding intent. An offensive contact alone is sufficient evidence from which a trial court may infer the mens rea requirement in section 711-1106(1)(a). See State v. Stocker, 90 Hawaiʻi 85, 92, 976 P.2d 399, 406 (1999); State v. Hopkins, 60 Haw. 540, 544, 592 P.2d 810, 814 (1979). A defendant can intend a contact both to harass someone and for a legitimate purpose. See State v. Dawson, No. CAAP-16-0000378, 2017 WL 2364744, *1-2 (Haw. App. May 31, 2017) (SDO) (holding that the defendant slapped a union member both to warn him he might lose his job and to "alarm" him).

Viewing the circumstances in the light most favorable to the State, it was reasonable for the District Court to conclude that Smith intended to harass, annoy, or alarm Kubota. Smith's offensive contact alone was sufficient evidence of his state of mind. It is not determinative that Smith may have also intended to keep Kubota out of the men's room; as noted above, a defendant may act with mixed purposes, both legitimate and harassing.

Smith's comments also evidenced intent. The District Court expressly credited Kubota's account, and it reasonably found Smith's statements and conduct probative of an intent to harass, rather than a legitimate purpose. The complaining witness's testimony that Smith made a lewd statement and then pushed her provides substantial additional evidence of Smith's intent to harass, annoy, or alarm Kubota.

We conclude that there was substantial evidence to support the District Court's conclusion that Smith committed the offense of Harassment.

(2) Smith also argues that the District Court plainly erred in allowing Kubota's testimony about her emotional state after Smith pushed her because it was inadmissible, either because it was irrelevant under Hawaii Rules of Evidence (**HRE**) Rules 401 and 402, or because its probative value was substantially outweighed by the risk of unfair prejudice under HRE 403.

Smith did not object to this testimony either on relevance grounds or HRE Rule 403 grounds. Upon review, we conclude that these arguments were waived and do not warrant

4

plain error review.  See Hawaiʻi Rules of Appellate Procedure Rule 4(a)(3); see also State v. Libero, 103 Hawaiʻi 490, 506, 83 P.3d 753, 769 (App. 2003), abrogated in part on other grounds, by State v. Frisbee, 114 Hawaiʻi 76, 84, 156 P.3d 1182, 1190 (2007).

For these reasons, the District Court's October 3, 2023 Judgment is affirmed.

DATED:  Honolulu, Hawaiʻi, October 20, 2025.

On the briefs:

Noah M. Rodby,
Rockyner Hadley,
Deputy Public Defenders,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge